This action was commenced by the defendant in error, hereinafter called plaintiff, in the district court of Carter county on the 16th day of May, 1923, against the plaintiff in error, hereinafter called defendant, to recover damages consisting of the alleged depreciation in the value of certain property owned and occupied by the plaintiff during a period of two years next preceding the institution of the action, and for annoyance, discomfort, and inconvenience because of the construction and operation by the defendant of a spray pond.
There were two causes of action incorporated in plaintiff's petition. In the first cause of action the plaintiff sought a recovery for injury to his property on account of the operation of the spray pond during the two years immediately preceding the institution of the action, and in his second cause of action for personal annoyance and inconvenience during the same period of time.
The defendant demurred to the petition and each cause of action thereof, upon the ground that the petition showed on its face that plaintiff's action was barred by the statute of limitation, which demurrer was overruled, and exceptions reserved. Thereupon the defendant filed its answer, consisting, among other things, of a general denial of any damage to plaintiff's property and a plea of the statute of limitation. A reply was filed by the plaintiff, consisting of a general denial, and upon these issues the cause was submitted to the court and a jury. The jury found that plaintiff should recover nothing upon his first cause of action, but returned a verdict upon his second cause of action against the defendant in the sum of $800. By demurrer to the evidence of the plaintiff, which was overruled, the defendant again interposed the bar of the statute of limitation as a defense to plaintiff's action. Motion for a new trial was filed by the defendant, heard, and overruled, and the matter comes on regularly to be heard in this court on appeal by the defendant from said judgment.
Numerous specifications of error are relied on by the defendant for a reversal of the judgment, but in our view of the case it is necessary only to consider whether or not the trial court erred, as a matter of law, in refusing to sustain defendant's plea of the statute of limitation.
The record discloses that the defendant was a public utility, owning and operating an electric lighting plant in the city of Ardmore and engaged in the business of generating and distributing electric current to its patrons residing in said city. In the month of October, 1918, the defendant constructed on lots 4, 5, and 6, block 348, in the city of Ardmore and as a part of its plant for the generation of electric current, the spray pond in question. It was located about the middle of the south line of block 348, and consisted of a concrete basin built into the earth, 86 feet wide, 110 feet long, and about 4 feet deep. The water from a turbine engine was pumped from the main plant of the defendant, on the block immediately to the southeast of block 348, through a 12-inch line to this spray pond, where the water was forced by pressure into perforated pipes, located in this spray pond, where the water comes out as fine spray, cools, and falls back into the spray pond, and from there goes back to the boilers located in the main plant.
The plaintiff owns and occupies a house situated on lot 12, block 461, in the city of Ardmore. It is located on the northeast corners of block 461 and southeast of the spray pond of the defendant, a distance of some 160 feet across Third avenue. Plaintiff filed his action on May 16, 1923, and in his amended petition, which was filed September 5, 1923, charged that because of the manner of the operation of said spray pond, mist and vapors were blown across Third avenue and precipitated upon the property of the plaintiff, causing depreciation in the value thereof in the sum of $1,900, and causing annoyance, discomfort, and inconvenience to him and the members of his family in the further sum of $2,000 during the two years immediately preceding the filing of the action.
The only question necessary to determine in disposing of this case, is whether or not the injury occasioned to the plaintiff, by the construction and operation of the spray pond by the defendant, was such that the plaintiff might recover all of his damages occasioned thereby in one action. Plaintiff asserts the right to maintain successive actions, on the ground that the injuries of which he complains resulted from the manner of the operation of the spray pond and not from its construction. He contends that although the structure under consideration may be considered in the nature of a permanent improvement, yet he has a right to maintain successive actions for injuries resulting to him from the operation of the improvement, where the cause of the injury depends for its continuance upon the acts of persons from day to day, and he cites authorities from other jurisdictions, which, it is claimed, support *Page 134 
the rule contended for. In this state, however, the mere operation of a legally nonabatable structure, permanent in its nature, does not give rise to successive actions for injuries resulting from the construction and operation of such improvements, unless it is shown that the injuries are due to negligent construction or operation, where the injury is the obvious or necessary result, assuming the continuance of ordinary conditions, of the erection of the permanent structure.
The record shows and it is not disputed that, in the generation of electric current by means of a turbine engine, it is necessary to continually cool the water pumped from the engine by spraying the same into the air, and that in no other way could the pond be operated so as to cool the water sufficiently to keep the steam turbine in operation. It is likewise undisputed that the use of a turbine engine and spray pond is the most economical method known for the generation of electric current. Therefore the injuries of which the plaintiff complains in the instant suit were obviously certain to occur with the continuance or recurrence of ordinary conditions at the time defendant erected its improvement in 1918, and began the operation thereof.
It is not claimed that the defendant was guilty of any negligence in the construction of the improvement so as to make it liable, by the operation of the spray pond, for the continuance of a pre-existing negligent act, occurring when the improvement was constructed. While it is true there is some evidence that the defendant might have used a different type of machinery for the generation of electric current, less economical in its operation, it is not contended that its failure so to do under the circumstances amounted to negligence.
In must be borne in mind that the defendant, by the laws of Oklahoma, is made a public utility and subject to the regulation and control of the Corporation Commission of this state, and it is not to be presumed, therefore, that the conditions of which plaintiff complains will in the future be abated by the voluntary act of the defendant, since the cause of plaintiff's injury cannot be regarded as a negligent condition in the structure which the defendant would seek to remedy. The effect, therefore, of the rule contended for by the plaintiff would be to involve the defendant in continuous litigation to protect its rights without any negligence on its part being made to appear. The rule applicable to this situation is stated in City of Mangum v. Sun Set Field,73 Okla. 11, 174 P. 501, in the first paragraph of the syllabus as follows:
"The injury occasioned to a riparian owner by the operation of a sanitary sewer system of a municipal corporation, emptying its sewage into a water course, thus polluting such water course so as to constitute a nuisance, there being no negligence charged against such municipal corporation in the construction and operation of said sewer system, is a 'permanent injury.' The damages occasioned by such injury may all be recovered in one action, and successive actions therefor may not be maintained."
The second paragraph of the syllabus reads as follows:
"The cause of action for injury occasioned by such operation of such sewer system arises and the statute of limitation begins to run from the time the municipal corporation begins to operate such sewer system and occasions such injury."
Continuing, our court said in the body of the opinion:
"In the instant case it had been made to appear that there was want of care in the construction and operation of the sewer system, or that by the exercise of ordinary care injury could have been avoided, the rule laid down in City of Ardmore v. Orr[35 Okla. 305, 129 P. 867], supra, would apply, and the plaintiff could maintain successive actions for injuries recurring within the period of limitation. We cannot presume negligence. As the injury arose from a permanent cause, and necessarily results from the continuance of ordinary conditions, if the plaintiff may maintain successive actions, a new cause of action would arise each day. The plaintiff and defendant could therefore be involved in continuous litigation to protect their respective rights without any negligence on the part of the defendant being made to appear. * * * It does not appear that the injury was occasioned by any negligent construction of the sewer which might be remedied, as in the case of City of Ardmore v. Orr, supra. It therefore became and was a permanent nuisance under the reasoning of any of the varying lines of authorities above referred to, and particularly under the rule in the Pahlka Case, and the measure of plaintiff's damages was the depreciation of the value of his property because of such nuisance. The damages could all be recovered in one action, and plaintiff's cause of action arose when the defendant constructed and began to operate such sewer. We therefore conclude that the plaintiff's cause of action was barred by the statute of limitation."
This court in the above case cited and followed the earlier case of Pahlka v. C., R.I. P. Ry. Co., 62 Okla. 223,161 P. 544, *Page 135 
quoting from that case this statement with approval:
"We must hold that when a cause of an injury is abatable, either by an expenditure of labor or money, it will not be held permanent, it being clear that the abatement of the causal negligent condition in a structure, rightfully maintained except for the negligence, is consistent with the rightful use and maintenance of the structure if the structure is otherwise permanent in its nature; * * * and that, in cases of injury from permanent cause, where the injury is the obvious or necessary result, assuming the continuance or recurrence of ordinary conditions, the cause of action arises at the time of the creation of the cause, viz., the construction of the improvement."
Whether the injuries which plaintiff might sustain were in the nature of personal annoyance and inconvenience while in the lawful occupation of his property, or in the nature of a physical injury to the property itself, they were obviously certain to occur and equally capable of estimation at the time of the erection of the improvement, and were recoverable in one action at the time the defendant constructed and began to operate the spray pond.
Under the uncontroverted facts, as disclosed by the record, we conclude that plaintiff's cause of action was barred by the statute of limitation, and that the trial court erred, as a matter of law, in not so holding.
The judgment of the trial court is therefore reversed, and the cause remanded, with instructions to dismiss plaintiff's action.
By the Court: It is so ordered.