## FILTSCH v. JOHNSON.

No. 25775.   Oct. 8, 1935.

H. C. Wipperman, Jr., and Harry G. Davis, for plaintiff in error.

Malcolm E. Rosser, for defendant in error.

PER CURIAM. This action was commenced on June 10, 1932, when the defendant in error, M. E. Johnson, filed a petition in the district court of Muskogee county against Darwin Filtsch and plaintiff in error herein, Fannie B. Filtsch, alleging that said defendants were indebted to him for the rent of a certain house in the city of Muskogee, from the 23rd day of July, 1928, until the 14th day of July, 1930, in the sum of $710.

In the separate answers of the defendants, they denied each and every material allegation in plaintiff's petition, and further alleged that plaintiff's action was barred by subdivision 2, section 185, C. O. S. 1921 (subdivision 2, section 101, Okla. Stats. 1931).

At the trial, a jury was waived and the cause was tried to the court. The court found the issues in favor of the defendant Darwin Filtsch, but found that the defendant Fannie B. Filtsch was indebted to the plaintiff in the amount sued for, with interest thereon from the 14th day of July, 1930, at

the rate of 6 per cent. per annum. Motion for new trial being overruled, the cause comes regularly here on appeal.

The plaintiff in error, Fannie B. Filtsch, was defendant in the lower court, and will hereinafter be referred to as defendant. The defendant in error was plaintiff in the lower court and will hereinafter be referred to as p'aintiff.

The questions to be determined by this court are:

(1) Whether certain instruments of writing were sufficient to bring plaintiff's cause of action within the five year statute of limitations.

(2) If it be found that certain written instruments were not sufficient to make applicable the said five-year statute of limitations, then was defendant, after having pleaded the three-year statute of limitations as to the whole of plaintiff's cause of action, entitled to have said three-year statute of limitations applied to such portion of said cause of action as the evidence showed was applicable thereto.

The evidence shows that defendant Fannie B. Flitsch and her husband had occupied the premises described in plaintiff's petition for several years, and that prior to September 8, 1926, plaintiff had looked to defendant's husband, Darwin Filtsch, for the payment of the rent. About this date, the defendant began to pay the rent, whether for herself or for her husband. On August 9 1928, the plaintiff submitted to the defendant a bill for $150 covering rent from March 8, 1928, to August 8, 1928. On August 11, 1928, defendant wrote plaintiff as follows:

"Enclosed you will find my check No. 157 in the sum of $27.20 and plumbing receipt for $2.80 making a total sum of $30 which please credit to my account. The balance of $120 I shall take care of as soon as I can raise the same.

"Please mail me a receipt showing that I have paid the rent since Sept. 8th, 1926, to Aug. 8th, 1928. I need this for my own protection. You should have no objection to furnishing me said receipt as you know since the above date I have dealt with you individually upon my own liability.

"Thanking you for said receipt and you can rest assured I shall take care of balance as quickly as I can raise the same."

The next day defendant again wrote plaintiff's bookkeeper as follows:

"Since mailing my letter of yesterday it has occurred to me my request of a receipt for the rents I have paid on my personal obligation was wrong. Therefore please mail me receipt from Sept. 8th, 1926, to April 8th, 1928."

On September 11, 1928, defendant again wrote plaintiff as follows:

"Enclosing part payment on my rent account. Expect some money in a few days and will mail you the balance."

On October 11, 1928, defendant again wrote plaintiff as follows:

"Rent from Sept. 8th to Oct. 8th, 1927— $30.00. Please let receipt come to me and will take care of balance as soon as I can close some of my pending matters."

Counsel for plaintiff, in his brief, sets out the instruments above referred to, but cites no authorities in support of his reliance upon said instruments as bringing his cause of action within the provisions of subdivision 1, section 101, Okla. Stats. 1931, as being founded upon a contract in writing, or within section 107, Okla. Stats. 1931, which provides as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

To construe defendant's letter of August 11, 1928, hereinabove set out as being a written contract covering the cause of action sued on by p'aintiff, or as being an acknowledgment of the debt or claim which constitutes plaintiff's cause of action, or any promise to pay the same, would be contrary to the plain language of the instrument. While this instrument is an acknowledgment of an obligation it is not the obligation sued for, it is for a specific sum, all of which is admitted to have been paid with the exception of $15 tendered at the trial. Likewise, there is nothing in any of the other letters written by defendant, which can in any way be construed as a promise to pay the obligation set forth in plaintiff's petition, other than the $15 which was tendered at the trial.

We therefore find nothing in said written instruments that would bring the plaintiff's cause of action within the provisions of either of the statutes above cited.

As to the second question, it is contended by counsel for defendant that the trial court

erred in the assessment of the amount of recovery, and that the true amount due from defendant to plaintiff is the amount of rent accrued at the rate of $30 per month, from the 10th day of June, 1929, to the 14th day of July, 1930.

It is contended by counsel for plaintiff that the statute of limitations having been pleaded as a bar to plaintiff's whole cause of action, its application to a portion of said cause of action cannot be urged ,and that defendant is raising a question here which was not raised by the pleadings and is changing her theory on appeal.

Defendant, in her answer to the petition of plaintiff in the lower court, pleaded specifically that plaintiff's cause of action was barred by subdivision 2, sec. 185, Okla. Stats. 1921 (subdivision 2, sec. 101, Okla. Stats. 1931), which provides that an action upon a contract, expressed or implied, not in writing, can only be brought within three years after the cause of action has accrued. In her motion for a new trial in the court below, she alleged error in the assessment of amount of recovery.

Plaintiff combined the various items which constituted his claim into one cause of action. To this defendant pleaded the three-year statute of limitations. A claim that the statute is applicable to a portion of plaintiff's cause of action is not inconsistent with a claim that it is applicable to said cause as a whole. Having pleaded the statute as to the whole of plaintiff's cause of action, defendant was entitled to have said statute applied to such portion of said cause of action as the evidence shows to be barred by its application.

The evidence shows that the amount sued for is computed on the basis of $30 per month during the period from July 23, 1928, to July 14, 1930. Under the statute which was pleaded by the defendant those items of rent which accrued prior to the 10th day of June, 1929, are barred, leaving the items which accrued from June 10, 1929, to July 14, 1930, as unaffected by said statute. This amount is admitted by defendant to be the sum of $394. To this should be added the item of $15 tendered at the trial, making a total of $409, as the correct amount which plaintiff is entitled to recover.

For the reasons stated, the judgment of the lower court will be so modified as to reduce the amount thereof from $710 to $409, with interest thereon at the rate of 6 per cent. per annum, from the 14th day of July, 1930; in all other respects, it is affirmed.

Had the decision of the court below been in accordance herewith, it would seem doubtful whether this appeal would have been taken and the necessary costs thereof incurred. Therefore let the costs in this court be divided between the parties hereto.

The Supreme Court acknowledges the aid of Attorneys W. C. Franklin, M. M. Eakes, and Ray S. Fellows in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Franklin, and approved by Mr. Eakes and Mr. Fellows, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.