KATHERINE ZIEGLER, GENERAL ADMINISTRATRIX AND
ADMINISTRATRIX AD PROSEQUENDUM OF THE
ESTATE OF BALTHASER ZIEGLER, DECEASED, PLAIN-
TIFF, v. HENRY MAURER & SON, A CORPORATION,
DEFENDANT.

Decided September 27, 1937.

For the plaintiff, *David T. Wilentz.*

For the defendant, *Kellogg & Chance.*

BARBOUR, C. C. J.   This matter came before the court
on motion for determination of objection and point of law
addressed to the amended complaint, and upon the determi-
nation being made plaintiff was given leave to amend her
complaint which she did by filing a second amended complaint
setting forth facts to show the injury complained of was not
compensable under the Workmen's Compensation act, to
which defendant filed its answer reserving objection and
point of law, motion for determination of which being now
before the court.   Pending the hearing reply was filed and
motion addressed to the reply is likewise now before the
court.

Disposition of both motions may be readily made together
as the objections and points of law are substantially the same.

The second amended complaint does not set up a new cause
of action but amplifies that which was set up in the first
amended complaint by setting forth facts to negative the

applicability of the Workmen's Compensation act in accordance with the determination theretofore made. The same wrong is alleged with respect to the same transaction, no new party is added, and, in fact, the recitals are the same except to amplify the prior pleading by negativing the statute.

"It is quite generally held that if the identity of the transaction forming the same cause of action originally declared upon is adhered to, an amendment is not ordinarily regarded as substantially changing the plaintiff's claim or stating a new or substantially different cause of action. So an amendment will not, as a rule, be held to state a new cause of action if the facts alleged show, substantially, the same wrong with respect to the same transaction, or if it is the same matter more fully and differently laid, or if the gist of the action or the subject of the controversy remains the same; and this is true although the form of liability asserted, or the alleged incidents of the transaction, may be different. Technical rules will not be applied in determining whether the cause of action stated in the original and amended pleadings are identical, since, in the strict sense, almost any amendment may be said to change the original cause of action. 49 *C. J.* 510, 511." *Magliaro* v. *Modern Homes, Inc.,* 115 *N. J. L.* 151 (at *p.* 157.)

"In the early days of our jurisprudence many actions were brought to a summary conclusion by reason of mistakes as to form. These decisions resulted frequently in miscarriages of justice. The only meritorious result of dismissing suitors on technicalities was to create a bar adept in the science of pleading. For many years the trend has properly been in the other direction. The aim of courts and legislatures is to abolish technicalities and enable suitors to have the merits of their controversies fully tried." *Wilson* v. *Dairymen's League,* 105 *N. J. L.* 188 (at *p.* 190) ; 143 *Atl. Rep.* 454.

I, therefore, determine that the second amended complaint was authorized by the order made in this cause on September 3d, 1937, and does not set forth a new cause of action and to the extent that it sets forth a cause of action accruing within two years prior to the commencement of suit it should stand.

So far as acts of negligence accruing more than two years prior thereto are concerned plaintiff is barred and cannot recover. The second amended complaint may be amended so as to allege only a cause of action accruing within such period, which amendment may be made by proper notation in the record at the trial or prior thereto, the answer and reply to be likewise amended, so that the merits of the controversy may be fully tried.

This likewise pertains to the point that at one or more places in the second amended complaint plaintiff is erroneously described as to her representative capacity.