MERCER COUNTY CIRCUIT COURT.

THOMAS W. HUGHES, PLAINTIFF, v. EUREKA FLINT AND SPAR CO., INC., A CORPORATION OF NEW JERSEY, DEFENDANT.

Decided November 8, 1939.

For the plaintiff, *Rudolph Eisner*.

For the defendant, *Samuel D. Lenox*.

OLIPHANT, C. C. J.   Defendant is a manufacturer of flint, spar and feldspar products. , Plaintiff was employed in the plant of the defendant in various capacities from November, 1920, to July 26th, 1938.   He alleges in his complaint that during all of this time, through the negligence of the defendant in numerous particulars, he contracted pneumonoconiosis or silicosis on July 26th, 1938, from the continued inhalation of dust particles.   Plaintiff's suit was instituted on November 17th, 1938.   Defendant, among other defenses, pleads the statute of limitations, in which it is set up that the plaintiff is barred from bringing any action against the defendant for any alleged wrongful act, negligence or default alleged to have occurred or taken place prior to November 17th, 1936.

This motion is to strike out those parts of the separate defenses embodying that defense.   This presents a difficult problem.   To determine it requires the answer to the question, when does a cause of action accrue or arise in an occupational disease case?

The statute of limitations *R. S.* 2:24-37; *N. J. S. A.* 2:24-37 literally relates only to the commencement of suit. It does not define accrual of a cause of action.

To find the answer, it must be determined whether the wrong complained of is single and continuous or plural and discrete.

A breach of duty must result in actual damage to be actionable. *Damnum* and *injuria* must both exist or else there is no cause of action. *Ochs* v. *Public Service Railway Co.,* 81 *N. J. L.* 661. In that case the doctrine is recognized that a consequential injury resulting from a negligent act is the gravamen of the charge and that the statute of limitations runs from the time of the injury. If this were not so, every person could be held responsible for every negligent act he commits, irrespective of whether or not any other person is damaged thereby.

The existence of a disease such as complained of here is dependent on many factors; the length of exposure, the nature and intensity of the dust in the air, the resistance or susceptibility of the individual and many others. In some cases it may be contracted after short exposure, in other cases under identical conditions there may be no consequences whatever. It cannot be that if two men begin working at the same time in a plant negligently operated and one contracts silicosis within two years thereafter, that he is privileged to bring his suit, but that the other who does not succumb to the dust within the two years from first inhalation is barred from bringing his action except for any aggravation of a condition occurring within the first two years of employment. Yet this is the rule followed by some of the cases as typified by that of *Schmidt* v. *Merchants Dispatch,* 270 *N. Y.* 287; 200 *N. E. Rep.* 824, and apparently followed by Judge Barbour in *Ziegler* v. *Henry Maurer & Son,* 15 *N. J. Mis. R.* 654 and 659; 194 *Atl. Rep.* 615. That theory is that the injury is complete when the alleged negligence of the defendant caused the plaintiff to inhale the deleterious dust. In diseases such as silicosis, most often no effects of the inhalation of the dust are evident until after the two year period from the first inhalation. Of course, it may be said, and some cases are to this effect, that after damage or injury has occurred, the plaintiff may sue for any aggravation of his condition during the two years previous to suit. This, to my

mind, is a statement of nullity, for proof of such is a practical impossibility in occupational disease cases.

Many opinions are in the books in support of the various theories, respecting the application of the statute of limitations in occupational disease cases. Many of them are set out in the opinions of Judge Hand in *Pieczonka* v. *Pullman Co.*, 89 *Fed. Rep.* (2d) 353, and that of Judge Manton in *Michalek* v. *U. S. Gypsum Co.*, 76 *Fed. Rep.* (2d) 115. The Supreme Court of Pennsylvania ·in *Plazak* v. *Allegheny*, 188 *All. Rep.* 130, has to my mind enunciated the true rule, *i. e.*, that the statute begins to run from the last date of continuous employment. Certainly if possible, within the limits of the statute an interpretation of the phrase "Cause of Action" should be reached which is in favor of the injured party and against the wrongdoer. While the statute of limitations is one of repose and security, it was never intended to defeat a remedy before the right existed. Within statutory limits, for every wrong there is or should be a remedy.

To hold that a plaintiff may prove acts of negligence extending over a period of perhaps many years, is probably an undesirable result, perhaps contrary to one of the general purposes of the statute of limitations. It imposes hardships upon a defendant by compelling him to meet a claim involving his actions of many years before, but it would be even more undesirable and unjust to bar a plaintiff's remedy before his cause of action existed, which is certainly equally violative of the intent of the statute, definitely not violative of its language and infinitely more abhorrent to logic and justice.

Whenever, therefore, the nature of the cause of action is such that it embraces and covers a substantial period and the acts complained of and the employment are continuous, I am of the opinion that the plaintiff may allege and prove facts material thereto no matter how long before the statutory period they took place. The wrong should be treated as single and continuous, not plural and discrete. There is no substantial justice in any other rule. This being so in a case such as that presented here, the statute begins to run from the last date of employment.

The motion will be ·granted.