BIG FOUR FOUNDRY CO. v. HAGENS.

No. 32127.    June 25, 1946.

Rehearing Denied Sept. 10, 1946.

*172 P. 2d 322.*

C. R. Thurlwell, of Tulsa, for plaintiff in error.

B. C. Franklin, of Tulsa, for defendant in error.

PER CURIAM. This action was brought by Julia Hagens, hereinafter called plaintiff, to recover from the defendant, Big Four Foundry Company, in damages to real property for which she sought $3,000 and for personal annoyance and inconvenience for which she sought $3,000. A trial to the jury resulted in a verdict in favor of plaintiff for $250 for damages under her second cause of action and a denial of any recovery on her first cause of action. The trial court entered judgment upon the verdict, and defendant appeals.

The record discloses that the plaintiff owned a small dwelling adjacent to the plant of defendant, which is engaged in the foundry business, and that she has lived there since long before the erection of defendant's plant in 1927. Evidence was introduced to support the fact that since on or about December 6, 1941, the defendant enlarged its plant by placing therein electric boosters; that the increased operations of the plant has caused loud noises by reason of which plaintiff cannot sleep; that sparks are allowed to escape from the chimney of the foundry by reason of which they would light on the top of her dwelling, and that because of this she became afraid that her home would burn; that a cutting machine run by electricity and other machines are operated with such a loud noise that their operation caused discomfort; that the premises between her and the defendant, and especially the avenue to her dwelling and her gate, have been cluttered up by the throwing of rags and the hanging of dirty clothing; that smells escape from the chemicals used in the operation of the plant which create an obnoxious odor.

Defendant has presented two propositions. It is first argued that the court erred in overruling the motion for directed verdict for the reason that the action is barred by the statute of limitations, 12 O.S. 1941 § 95, subd. 3, which provides that an action in tort must be brought within two years after the damage sustained. It is next argued that the court erred in giving certain instructions to which the defendant excepted; and in refusing certain requested instructions. However, defendant does not present the objection to the giving of the instructions or the refusal to give the requested instructions other than to argue that from all the evidence the

plaintiff did not establish a cause of action.

The court submitted the issues in the case at bar on the theory that a nuisance was created or perpetrated and that the plaintiff could recover all damages accruing within two years next preceding the filing of the petition. The defendant argues that where damages are caused by a permanent structure properly constructed and not negligently operated, a recovery must be had once for all and the action. must be brought within the statutory period from the date such structure was completed and its operation commenced, or from the date of the first injury, or from the date it became apparent there would be injuries resulting from the structure or its operation. Such is the declared rule. Oklahoma City v. West, 155 Okla. 63, 7 P. 2d 888; Consumers' Light & Power Co. v. Holland, 118 Okla. 132, 247 P. 50; Kentucky and West Virginia Power Co. v. McIntosh, 278 Ky. 797, 129 S.W. 522.

In Consumers' Light & Power Co. v. Holland, supra, we said:

"Whether the injuries which plaintiff might sustain were in the nature of personal annoyance and inconvenience while in the lawful occupation of his property, or in the nature of a physical injury to the property itself, they were obviously certain to occur and equally capable of estimation at the time of the erection of the improvement, and were all recoverable in one action at the time the defendant constructed and began to operate the spray pond."

The instructions are correct if there is any competent evidence reasonably tending to support the allegation of negligent operation. Oklahoma City v. West, supra. The acts of negligence which are reasonably established by the evidence are that sparks are allowed to escape and light on the top of the dwelling where plaintiff resides and that the premises are kept in an unsanitary condition by the throwing of rags and the improper hanging of rags and clothing on the premises of plaintiff and the use of the gate and passageway by the employees of the defendant to her annoyance. In the absence of an attack on the verdict as excessive there is sufficient evidence of negligent operation of the plant.

It is insisted that the plaintiff cannot recover for the discomfort due to the loud noise, smoke, and smells caused by the operation of the plant. That any cause of action for this natural operation of the plant accrued when the plant was constructed and operations commenced and the court should have so instructed. In Cornelius v. Standard Royalties Co., 131 Okla. 122, 267 P. 838, we said:

"The general rule is the statute of limitation begins to run when cause of action accrues, and the true test to determine when the cause of action accrues is to ascertain the time when the plaintiff could first maintain his action to a successful result."

See, also, Broadwell v. Board of Com'rs Bryan County, 88 Okla. 147, 211 P. 1040; National Bank of Claremore v. Jeffries, 126. Okla. 283, 259 P. 260; Boling v. New Amsterdam Casualty Co., 173 Okla. 160, 46 P. 2d 916; Grayson v. Crawford, 189 Okla. 546, 119 P. 2d 42. The testimony of plaintiff reasonably supports her theory that her cause of action did not accrue until after Pearl Harbor, when the excessive operations of defendant's plant caused the damage.

We are therefore of the opinion that any refusal to give the requested instructions was not reversible error, for there is evidence that the cause of action accrued under the rule announced under these latter cases within two years next preceding the filing of the petition.

The judgment of the trial court is affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.