## TURK v. FRENCH.

No. 33419. Sept. 28, 1949.

*210 P. 2d 154.*

A. Leonard Brougham, of Oklahoma City, for plaintiff in error.

Keaton, Wells, Johnston & Lytle, of Oklahoma City, for defendant in error.

CORN, J. Plaintiff brought this action April 3, 1947, to recover the sum of $2,075 alleged to be due and owing from defendant under the following memorandum agreement, executed December 16, 1935:

"Loaned to Lon B. Turk between June 1932 and May 1933 a total sum of $2,100.00; the said amount is to be repaid by January 5, 1937, unless he requests an extension of the time in writing, in which case said loan is to be repaid at a rate of $210.00 per annum, the whole to be entirely repaid by January, 1947, unless he again requests an extension in writing, at which time another written agreement will be made."

"This loan was made by Margaret Coolidge to Lon B. Turk."

Plaintiff alleged that prior to the above date she had loaned defendant various sums aggregating $2,100; that on December 16, 1935, defendant acknowledged his indebtedness in writing and agreed to discharge same pursuant to the written agreement; that on April 29, 1938, defendant made written request for an extension of time for payment, stating he intended to make monthly payments, and enclosed $25 to apply on the debt. Plaintiff sought judgment for the unpaid balance due, plus interest.

Defendant's answer admitted the essential allegations of the petition, but in defense asserted the only payment made pursuant to the written agreement was made April 29, 1938, more than eight years prior to the date of plaintiff's action, and that same therefore was barred by the statute of limitations as to each of the five annual installments which became due more than five years prior to the date of the action. Defendant asked that such installments, amounting to $1,050, be held to be barred by the statute of limitations, and that the $25 payment be deducted from the balance due upon the remaining five installments.

Plaintiff's reply was an unverified denial of the matters set forth in the answer. Upon the issues made the case was tried to the court without a jury. Plaintiff introduced the above memorandum, and defendant's letter of April 29, 1938, requesting an extension of time and enclosing the $25 payment, and rested. Defendant's demurrer to the evidence was overruled, as was his motion for judgment upon the pleadings. After consideration of the case the trial court entered a general judgment for the full amount sued for, plus interest.

On appeal from this judgment defendant makes the following contention:

"The trial court erred as a matter of law, in overruling defendant's plea that the plaintiff's action was barred by the five year Statute of Limitations, with respect to each and every installment of $210.00 that had become due and payable to plaintiff more than five years prior to the time when plaintiff's action was commenced on April 3, 1947, and in rendering judgment against defendant for the full amount sued for by plaintiff."

12 O. S. 1941 §95 provides, in part, as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:"

"First. Within five years: An action upon any contract, agreement or promise in writing."

And, 12 O. S. 1941 §101 provides:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability,

debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

The basis of defendant's argument is that the memorandum above quoted constituted an installment contract, by the terms of which the defendant bound himself to repay his indebtedness at the rate of $210 per annum, beginning January 5, 1937, and that thus all installments which became due more than five years before the date of the final installment, January 5, 1947, were barred by the statute of limitations.

Thus, the real question is whether the agreement signed by defendant constituted an installment contract. The effect of the trial court's judgment was that this agreement was not an installment contract, and that January 5, 1947, was not the date fixed for discharge of the indebtedness. We are of the opinion the trial court was correct in so holding.

An installment is defined as a different portion of the same debt payable at different successive periods as agreed. See Black's Law Dictionary, Deluxe Ed., p. 985.

It is settled, as pointed out by defendant, that where a contract provides for installment payments, the statute of limitations begins to run against each installment at the date of failure to make payment, as in the case of a note payable in annual installments. However, the rule is that the statute of limitations does not begin to run until a cause of action accrues, and the test for determining when a cause of action arose is to ascertain when plaintiff first could have maintained an action successfully. Skelly Oil Co. v. Harrell, 192 Okla. 101, 134 P. 2d 136; Big Four Fdry. Co. v. Hagens, 197 Okla. 409, 172 P. 2d 322.

It is necessary to examine the agreement executed by the parties, in order to ascertain their real intention as to whether this instrument was a simple acknowledgment of defendant's indebtedness, or whether it was an agreement whereby defendant bound himself to pay his indebtedness in a certain manner within the time agreed upon.

The memorandum provided he was to repay the entire amount of the loan by January 5, 1937, unless further time was requested. In the event an extension was sought then he agreed to make annual payments. However, it also provided that the entire amount was to be repaid by January, 1947, and allowed defendant to seek a further extension if desired, which plaintiff bound herself to grant. No period was specified within which defendant was to exercise his right to request such an extension, and nothing in the agreement provided any means for determining the maturity date until January, 1947, had passed without defendant making written request for such further extension of time. And, it is to be noted particularly that the agreement gave plaintiff no right whatever to protect her interests by accelerating the total amount due in the event defendant defaulted in making the annual payments therein mentioned.

Further, had plaintiff attempted to declare the entire amount to be due and owing in the event of default, defendant had only to make written request for a further extension of time for payment and plaintiff would have had no alternative but to grant such request. From this it naturally follows that, had plaintiff attempted to assert any right of action against defendant prior to January, 1947, based upon his failure to make payments, defendant could have relied upon the terms of the agreement and maintained that he had until that date either to pay or to make a request for a further extension of time.

Clearly plaintiff could not have maintained any right of action against de-

fendant prior to January, 1947. No right accrued to her until after such date had expired without defendant requesting an extension of time, and after demand had been made for payment and payment refused. Under these circumstances, it is clear that since the statute of limitations did not begin to run until after demand for payment was made and refused in January, 1947, plaintiff's action was commenced within the five years prescribed by statute, supra, and thus no part of plaintiff's claim was barred by such provision.

Defendant places great reliance upon our decision in Filtsch v. Johnson, 174 Okla. 132, 50 P. 2d 138, as being controlling herein. In that case plaintiff sued to recover the amount due for rent upon the plaintiff's property, occupied by defendant under a month to month tenancy. Plaintiff submitted a bill for rent due, and defendant made partial payment, and in a letter to plaintiff acknowledged the amount of the balance due on the debt as shown by plaintiff's statement. Plaintiff sued to recover all rents due up to time of the action, upon the theory defendant's letter was a contract in writing covering the entire cause of action. Therein we held that the writing was not a contract, but only an acknowledgment of the indebtedness for the sum specified in plaintiff's statement, and that the amount accruing on a monthly basis more than three years prior to bringing of suit was barred by the applicable three-year statute of limitations. This case is distinguishable from the matter herein considered, and the rule announced is not applicable to the question here presented.

Judgment affirmed.

Execution of supersedeas bond herein having been called to our attention, judgment accordingly is rendered thereon as prayed for by plaintiff.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.