Paul Wm. POLIN and Marsha Polin,
Plaintiffs-Appellants,

v.

DUN & BRADSTREET, INC., a
Delaware Corporation,
Defendant-Appellee.

No. 74–1375.

United States Court of Appeals,
Tenth Circuit.

Argued Jan. 22, 1975.

Decided Feb. 20, 1975.

Rehearing Denied March 19, 1975.

Robert Lee Blackwood, Tulsa, Okl. (Don E. Gasaway, R. James Unruh and Charles A. Whitebook, Tulsa, Okl., on the brief), for plaintiffs-appellants.

John Kinslow of Hastie, Kirschner & Kinslow, Oklahoma City, Okl., and Arthur E. Rubin of Gable, Gotwals, Rubin, Fox, Johnson & Baker, Tulsa, Okl., for defendant-appellee.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The judgment in this case was entered pursuant to the granting of the defendant's motion for summary judgment based on the trial court's conclusion that the entire action was barred by the applicable statute of limitations. A corollary ruling was that plaintiff was not entitled to amend the complaint to add a later transaction. The court reasoned that this latter claim was also barred by the statute of limitations. Thus, we must review, first, the ruling that plaintiff was not entitled to amend and, secondly, whether the statute of limitations had run on one or all of the transactions described in the original and amended complaints.

The injury complained of is invasion of right of privacy. The allegation is that the defendant credit information agency communicated misleading information concerning plaintiffs' morals and character in violation of plaintiffs' rights under the common law and the Oklahoma statutes—also the Constitution of the United States.[1]

The complaint was by leave of court amended twice. First, on December 7, 1970 and again on November 29, 1971. The original complaint and the amended ones were concerned with alleged misleading credit reports dated November 25, 1966 and January 16, 1968. However, the second amended complaint which was filed December 7, 1970 described a third publication substantially similar to the first two which was disseminated on February 12, 1969. The court on motion of defendant struck all reference to the February 12, 1969 publication saying that it was barred by the applicable Oklahoma statute of limitations.

---

1. The Oklahoma statutes which are invoked are as follows:

24 Okl.Stat.Ann. § 81 (1961): Any person, firm or corporation engaged in or purporting to furnish retail merchants the financial or credit rating of any person who is the actual or prospective customer of such retail merchant shall, before furnishing such rating, submit, either in person or by mailing to his last known postoffice address to the person whose rating is about to be reported, a request asking for a statement of the assets and liabilities of such person. 24 Okl.Stat.Ann. § 82 (1961): Whenever an opinion in writing upon the financial or credit standing of any person is about to be submitted for the purpose of establishing a financial or credit rating of customers, to be used by the retail business concerns, the person, firm or corporation submitting such opinion shall first mail a copy of such opinion to the person about whom the opinion is given, at his proper postoffice address.

In its order entered February 26, 1974, the trial court granted summary judgment which applied the Oklahoma two-year statute of limitations which apparently pertained to tort actions.[2] There is reason to believe that the trial court applied a less than two-year statute when it struck the February 12, 1969 transaction.

## I.

We are of the opinion that the ruling of the court denying leave to amend was erroneous and clearly so on the basis given which was that the statute of limitations had then run. Plainly, this incident was within the two-year statute of limitations. This count of the complaint was first filed on December 7, 1970 which was well within the two-year statute. Thus, the reason given that it was barred by the statute is not a valid one.

We recognize fully that the trial court has discretion in the granting or the denial of leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure.[3]

The law is equally clear, however, that leave to amend is to be freely granted.[4]

Based, then, on the fact that the court acted under a mistaken impression that the statute had run, we must rule that the amendment to show the February 12, 1969 publication ought to have been allowed.

## II.

As our comments above would indicate, we are of the opinion that the court was correct in its holding that the Oklahoma two-year statute which pertains to tort actions was applicable, but the two-year statute would necessarily apply to all of the transactions since they are not distinguishable. There could be no basis for applying one statute to two of the publications and one which provided for a lesser period of limitation to the third.

Our ruling here is not to be construed as a direction to the trial court to consider the publication of February 12, 1969 only and not to take into account

2. Third. Within two (2) years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; *an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated;* an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud. (Emphasis added.)

12 Okl.Stat.Ann. § 95 (Supp.1974).

3. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); Reid v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, 479 F.2d 517 (10th Cir.), cert. denied, 414 U.S. 1076, 94 S.Ct. 572, 38 L.Ed.2d 483 (1973); Cox v. Fremont County Public Building Authority, 415 F.2d 882 (10th Cir. 1969); Travelers Indemnity Co. v. United States, 382 F.2d 103 (10th Cir. 1967); Landon v. Northern Natural Gas Co., 338 F.2d 17 (10th Cir. 1964); Wyoming Constr. Co. v. Western Cas. & Surety Co., 275 F.2d 97 (10th Cir.), cert. denied, 362 U.S. 976, 80 S.Ct. 1061, 4 L.Ed.2d 1011 (1960); Ziegler v. Akin, 261 F.2d 88 (10th Cir. 1958); Arp v. United States, 244 F.2d 571 (10th Cir.), cert. denied, 355 U.S. 826, 78 S.Ct. 34, 2 L.Ed.2d 40 (1957).

4. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Aalco Construction Co. v. F. H. Linneman Construction Co., 399 F.2d 516 (10th Cir. 1968); Food Basket, Inc. v. Albertsons, Inc., 383 F.2d 785 (10th Cir. 1967); Travelers Indemnity Co. v. United States, 382 F.2d 103 (10th Cir. 1967); Ziegler v. Akin, 261 F.2d 88 (10th Cir. 1958).

In Foman v. Davis, *supra,* the Supreme Court said:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. at 182, 83 S.Ct. at 230.

the earlier publications, for it is arguable that the defendant's conduct (if it constitutes an invasion of the plaintiffs' right) was continuing in its nature and character. Hence, the damages flowing from the defendant's conduct would under such a theory not fully accrue until the final publication.[5]

 Defendant has argued other issues including whether the Oklahoma statute pertaining to the furnishing of financial ratings to merchants creates an independent right of action. Since the trial court has not come to grips with this, we withhold comment on it.[6]

The judgment of the district court is reversed and the cause is remanded for further proceedings.

---

5. *See* Town of Braggs v. Slape, 207 Okl. 420, 250 P.2d 214 (1952); Big Four Foundry Co. v. Hagens, 197 Okl. 409, 172 P.2d 322 (1946); Commercial Drilling Co. v. Kennedy, 172 Okl. 475, 45 P.2d 534 (1935); New England Oil & Pipe Co. v. Rogers, 154 Okl. 285, 7 P.2d 638 (1932). *See also* Marlowe v. Fisher Body, 489 F.2d 1057 (6th Cir. 1973); Hotelling v. Walther, 169 Or. 559, 130 P.2d 944 (1942); Sadowski v. Long Island R. Co., 292 N.Y. 448, 55 N.E.2d 497 (1944); Steiner v. Spencer, 24 Tenn.App. 389, 145 S.W.2d 547 (1940); Hughes v. Eureka Flint & Spar Co., 20 N.J. Misc. 314, 26 A.2d 567 (1939).

6. *Cf.* Hazlitt v. Fawcett Publications, Inc., 116 F.Supp. 538 (D.Conn.1953); Lyles v. State, 330 P.2d 734 (Okl.Cr.1958).