238 N.J. Super. 389 (1989)
569 A.2d 905
IRMGARD AYKAN, PLAINTIFF,
v.
ARTHUR N. GOLDZWEIG, DEFENDANT.
Superior Court of New Jersey, Law Division Monmouth County.
Decided October 11, 1989.
*390 Andrew V. Clark, for the Plaintiff (Seaman, Clark, Addy & Clark, attorneys).
Joseph K. Cooney, for the Defendant (Widman & Cooney, attorneys).
MARK A. SULLIVAN, Jr., J.S.C.
This matter came before the Court on September 14, 1989 for a hearing pursuant to Lopez v. Swyer, 62 N.J. 267, 300 A.2d 563 (1973). It is undisputed that the complaint in this legal malpractice action was filed on August 2, 1988, and that the relevant Statute of Limitations under N.J.S.A. 2A:14-1 is six years. This issue then is the date from which the Statute of Limitations should be measured. If that date is before August 2, 1982, then the complaint should be dismissed; if it is on or after that date, the complaint may stand.
Plaintiff alleges, as her cause of action, two alleged instances of malpractice. Plaintiff had retained defendant-attorney to represent her in a matrimonial action. She claims that he used the wrong effective date for equitable distribution in the property settlement agreement and that he failed to file a separate *391 tort action for the batteries that served as the basis for the cruelty count in the divorce complaint.
The property settlement agreement in question was executed on November 6, 1981. It used April 26, 1980, the date the parties separated, as the effective date of equitable distribution. Approximately two weeks after the Agreement was signed, plaintiff attended a seminar on divorce law at Brookdale Community College. At this seminar, she apparently learned that other effective dates could have been used for the equitable distribution, including the filing date of the divorce complaint. She testified that she went back to her attorney, the defendant, after this seminar, and told him that she would benefit from a later effective date. She alleges he told her not to worry.
In or about May 1982 plaintiff's husband filed a Complaint for Divorce. On June 9, 1982 defendant filed an Answer and Counterclaim on behalf of plaintiff. The counterclaim alleged a cause of action for extreme cruelty which included batteries. No separate tort claim was filed for these, however. The Statute of Limitations for this would have expired on April 26, 1982, two years after the separation, which was when the alleged batteries ceased.
On August 13, 1982 plaintiff met with James Yudes, Esq. and retained him to represent her in place of defendant. He suggested to her the possibility that defendant may have committed malpractice in choosing the date of separation as the effective date for equitable distribution and in not filing a tort claim for battery.
Plaintiff now alleges that the six year Statute of Limitations did not begin to run until August 13, 1982, as that was the date of "discovery" pursuant to Lopez v. Swyer, supra. Defendant argues that "discovery" occurred in November 1981 when plaintiff attended the seminar at Brookdale Community College and learned of a possible error in setting the effective date of equitable distribution. In this he is supported by Burd v. New Jersey Telephone Company, 76 N.J. 284, 291, 386 A.2d *392 1310 (1978) which holds that the discovery principle modifies the conventional limitations rule only to the extent of postponing accrual of the cause of action until plaintiff learns, or reasonably should learn, the existence of that state of facts which may equate in law with a cause of action. It expressly holds that accrual will not further be delayed until plaintiff learns from a lawyer the legal effect of those facts.
This court finds that reasoning to be controlling here, insofar as the application of the discovery principle is concerned. Plaintiff was aware of all facts relevant to the effective date of equitable distribution in November 1981. This issue cannot be resolved on the basis of who the plaintiff found more persuading on the issue of equitable distribution.
There are other issues to be considered, however. The law in this State is well settled that, in professional negligence cases, where there is a continuing course of negligent treatment, the Statute of Limitations does not begin to run until treatment is terminated, unless the plaintiff earlier discovers such injury or fraudulent concealment is involved. Bauer v. Bowen, 63 N.J.Super 225, 164 A.2d 357 (App.Div. 1960). There are allegations here that the "negligent treatment" continued until after August 2, 1982. Certainly the attorney-client relationship continued slightly past that date. There is, however, no substantial evidence of "fraudulent concealment". Plaintiff's testimony, that defendant told her not to worry, does not rise to this level. The issue then appears to return to the proper date of "discovery" which would be November 1981, beyond the six years.
The issue still remains, however, as to what effect "discovery" has on the alleged failure to plead marital tort as a separate cause of action. In this regard it is significant whether the two alleged causes of action are "single and continuous" or "plural and discrete" Hughes v. Eureka Flint & Spar Co. Inc., 20 N.J. Misc. 314, 26 A.2d 567 (Cty.Ct. 1939). While it is arguable that there was a "single and continuous" tort with *393 respect to the effective date of equitable distribution, it is clear that the other allegation, dealing with failure to plead a marital tort, is "plural and discrete". It is a completely separate cause of action that allegedly arose on April 27, 1982 when the Statute of Limitations expired as to that marital tort. The information acquired by the plaintiff, in November 1981, as to equitable distribution, was of no use to her in understanding that she may have a separate claim for marital tort. It must also be understood that the running of the Statute of Limitations in April of 1982 would be a "fact" under Burd v. New Jersey Telephone Company, supra, where the instant action is a legal malpractice suit. The "law" in the original suit may become the "facts" of the legal malpractice suit just as nuances of medical science may be the facts in a medical malpractice case. The law that must equate with that state of facts to create a cause of action is the law of attorney's negligence as applied to the running of the Statute of Limitations.
That being the case, plaintiff's claim for failure to plead a marital tort was not "discovered" until August 13, 1982 when her new attorney first advised her that such a claim may have existed. His "legal" conclusion though, that defendant thereby committed malpractice, is irrelevant since it constitutes "law" under Burd.
It is the finding of this court therefore, that the plaintiff's claim, set forth in the complaint, for liability based on the drafting of the separation agreement be dismissed pursuant to the Statute of Limitations. The claim for failure to plead marital tort may continue. Defense counsel should submit an appropriate Order pursuant to R. 4:42-1(c).