Shirley A.E. JONES, Plaintiff,

v.

J.C. PENNEY COMPANY, INC., Larry O'Shea and Clyde Harmon, Defendants.

No. 93–2239–JWL.

United States District Court, D. Kansas.

Oct. 27, 1993.

Deryl W. Wynn, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Albert F. Kuhl, Olathe, KS, for plaintiff.

Mark A. Ferguson, Lathrop & Norquist, Overland Park, KS, Jack D. Rowe, Christine M. Ireland, Lathrop & Norquist, Kansas City, MO, William R. Wollett, J.C. Penney Co., Inc., Dallas, TX, for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter comes before the court on the motion of Shirley A.E. Jones ("Jones") for leave to file a second amended complaint (Doc. # 20) and the motion of defendants J.C. Penney Company, Inc. ("J.C. Penney"), Larry O'Shea ("O'Shea") and Clyde Harmon ("Harmon") for an extension of time to respond to plaintiff's motion for leave to file a second amended complaint and to reply to plaintiff's memorandum in opposition to defendants' motion to dismiss (Doc. # 23).[1] For the reasons set forth below, the court grants plaintiff's motion for leave to file a second amended complaint and denies defendants' motion for an extension of time. The court also finds that defendants' motion to dismiss, or in the alternative for a hearing on frivolousness or for a more definite statement and to strike (Doc. # 16) is now moot.

Plaintiff moves the court for leave to file a second amended complaint according to F.R.C.P. 15(a) and argues that it is in the interest of justice that the court permit her to do so. Defendants have not yet contested the motion, but seek, instead, an extension of time in which to file a response. The court finds that plaintiff is entitled to amend her complaint a second time and that the defendants will not be prejudiced by any lack of opportunity to respond to plaintiff's motion.

According to F.R.C.P. 15(a), leave to amend a pleading shall be "freely given when justice so requires." Whether leave should be granted is within the trial court's sound discretion. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir.1987). The court has broad discretion to allow amendments and is to look favorably on requests to amend. *Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875, 877 (10th Cir.1975); Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 1484 (2d ed. 1990). Several factors may be considered by the court, including: whether the amendment will result in undue prejudice; whether the request was unduly and inexplicably delayed; whether it was offered in

good faith; or whether the moving party had sufficient opportunity to state a claim and failed. *Las Vegas Ice and Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1184 (10th Cir.1990); *State Distributors, Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir.1984). The Supreme Court has held:

> In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc., the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Up until the time of this motion, plaintiff represented herself without an attorney. After reviewing the facts and circumstances surrounding this case with court appointed counsel, plaintiff promptly sought to file this second amended complaint that attempts to address possible deficiencies in the pro se pleadings filed previously. The court finds that the plaintiff has brought this motion in good faith and in a timely manner. There has been no undue delay and the defendants will not be prejudiced by this amendment, thus leave to amend must be "freely given."

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for leave to file second amended complaint (Doc. # 20) is granted.

**IT IS FURTHER ORDERED** that defendants' motion to extend time to respond to plaintiff's motion for leave to file second amended complaint and to reply to plaintiff's memorandum in opposition to defendants pending motion to dismiss (Doc. # 23) is denied on all grounds.

**IT IS FURTHER ORDERED** that defendants' response to plaintiff's second amended complaint shall be filed no later than the 26th day of November, 1993.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss or in the alternative

1. This motion was originally referred to Magistrate Judge Gerald L. Rushfelt, but because it is intertwined with motions already before this court the matter was transferred to this court.

for a hearing on frivolousness (Doc. # 16) is moot.

IT IS SO ORDERED.