Alf M. LANDON, Appellant,

v.

NORTHERN NATURAL GAS COMPANY, Appellee.

No. 7654.

United States Court of Appeals Tenth Circuit.

Oct. 22, 1964.

Rehearing Denied Dec. 3, 1964.

Byron M. Gray, Topeka, Kan., for appellant.

John B. Will, Omaha, Neb. (F. Vinson Roach, Jack C. Osborne, Omaha, Neb., and Ralph W. Oman, Topeka, Kan., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The trial court entered judgment for the Appellee, a natural gas purchaser, on its complaint against Appellant seeking a refund and restitution arising from the invalidation of certain minimum prices fixed for the gas by the Kansas Corporation Commission. The Appellant-Defendant is a seller of gas with whom Appellee had a gas purchase contract with a price lower than the Commission minimum.

The parties in 1944 entered into a gas purchase contract whereby Appellant agreed to sell gas from certain of his wells to Appellee at a price of four cents per Mcf. In 1949 the Corporation Com-

mission of Kansas issued an order fixing a minimum price for gas produced from the field where Appellant's wells are located at eight cents per Mcf. Appellee paid Appellant eight cents per Mcf, under this order until January 1, 1954 when the Commission reset the minimum price at eleven cents per Mcf. Thus, beginning with the gas purchased in January of 1954, Appellee paid to Appellant at the rate of eleven cents per Mcf. With the first payment under the eleven-cent price, Appellee sent to Appellant a so-called refund letter, and three similar letters were thereafter sent to Appellant. - These letters stated, in effect, that the increased payments were under protest and were made on condition that the seller would make a refund if the Commission order was declared invalid. On the checks sent to the Appellant in payment for the gas purchased during the period January 1, 1954 to January 31, 1958 there appeared a statement above the place for endorsement stating the check to be received and accepted pursuant to the refund letters. Appellant received the refund letters, and endorsed and cashed the series of checks.

The Supreme Court of the United States on January 20, 1958, held that the Kansas Commission's minimum price order was invalid. The Appellee then notified Appellant that the price would revert to the four-cent level of the contract, and a statement would be submitted for the overpayments represented by the difference between the contract price and the Commission order price. The statement computed on the difference between four cents and eleven was submitted with a demand for such refund.

Appellant had filed in 1954, with the Federal Power Commission, an application for a certificate, a copy of the four-cent gas purchase contract, and a copy of the eleven-cent order of the Kansas Commission. The F. P. C. accepted the material for filing. The previous eight-cent order of the Commission had not been filed.

The Appellee in its complaint herein shows that the refund requested was the difference between the four-cent level and the eleven-cent level, and that a refund contract existed by reason of the refund letters. Appellant in his answer denied that there was any refund contract in existence and asserted that eleven cents was the proper price.

The trial court entered judgment as prayed in the complaint of Appellee on September 28, 1961. On October 23, 1961, Appellant moved to amend his answer, filed some two years before, to assert that the refund contract was for the difference between the eight-cent rate and the eleven-cent rate rather than the four-cent and eleven-cent rates, and to assert a counterclaim.

The trial court refused to permit the amendment, and stated that no reason had been shown why it was not presented earlier. It denied further hearing, and ordered Appellant to pay the judgment based on a refund contract for the difference between the four-cent contract and the eleven-cent ordered rate.

The Appellant urges that the trial court misconstrued the pleadings, that the Court entered judgment under an erroneous view of the facts and of the refund contract it found to exist, and refused to permit the amendment of the answer. Appellant also argues that with its filing with the F. P. C. the eleven-cent Kansas order rate became the only legal rate, and cannot be altered in this proceeding or so collaterally attacked.

■■ The record supports the finding of the trial court that the refund letters together with the acceptance and endorsement of the gas payment checks constituted a refund contract. Appellant at no time prior to his answer filed herein objected or excepted in any manner to the letters or checks, nor suggested any other basis. The first refund letter is not altogether clear whether the reference is to the prior eight-cent ordered rate or the four-cent contract rate, but subsequent letters are clear that the reference is to the contract rate. Thus, the trial court's holding that the refund contract was the difference be-

tween four and eleven cents is likewise correct.

The case was presented as to this point on the basis there was no refund contract, and not until after judgment did Appellant specifically raise any other possibility. Appellant does argue here that another construction of the refund contract would lead to the same conclusion sought by his amendment, but the trial court did not so construe the contract, nor do we.

■■ It was within the discretion of the trial court to refuse to permit an amendment of the Appellant's answer after judgment and to assert a counterclaim. It is obvious that Appellant could have raised the issue of a return to the use of the eight-cent rate rather than the four-cent rate as being the refund contract, but he did not do so. He had some two years between the filing of his answer and judgment. As mentioned, no reason was shown by Appellant to the trial court why the issue was not raised earlier. A full hearing on Appellant's motion was had and briefs submitted. We find no abuse of discretion.

In Adkins v. E. I. duPont de Nemours & Co., 176 F.2d 661 (10th Cir.) and in Horn v. Allied Mutual Casualty Co., 272 F.2d 76 (10th Cir.) we upheld the exercise of discretion by a trial judge to refuse a new defense by amendment citing in the latter case Whelan v. New Mexico Western Oil & Gas Co., 226 F.2d 156 (10th Cir.). See also Chicago Pneumatic Tool Co. v. Hughes Tool Co., 192 F.2d 620 (10th Cir.). Due regard is given to Rule 15(a) of the Rules of Civil Procedure.

■ The Appellant urges that the purchase price to be applied is a "rate" over which the Federal Power Commission has exclusive jurisdiction, citing Phillips Petroleum Co. v. Wisconsin, 347 U.S. 672, 74 S.Ct. 794, 98 L.Ed. 1035, and Phillips Petroleum Co. v. F. P. C., 258 F.2d 906 (10th Cir.). Appellant argues that it filed with the F. P. C. the eleven-cent Kansas order and thereby it became the only legal "rate", and this action constitutes a collateral attack on such "rate".

This argument is answered by Pan American Petroleum Corp. v. Superior Court of Delaware, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584, which was on a review of the denial of writ of prohibition by the Delaware Supreme Court which sought to attack the jurisdiction of the Delaware Court to hear an action seeking to recover overcharges under the invalidated Kansas Commission's minimum price order. The nature of the action in this cited case in the state court is the same as that of the case at bar. The contract had there also been filed with the F. P. C. The Supreme Court held that the state court had jurisdiction as against the same contention as the Appellant here makes. The Court stated that the complaints were on contracts to refund overpayments grounded on state law, and there was no federal question. The Court there also said that the rights asserted were traditional common-law claims, and the complaint determines the nature of the action. The claims in the case at bar are likewise common-law claims based on the laws of Kansas, and before us only by reason of diversity. This issue is controlled by the Pan American case as held by the trial court.

■ The trial court was not asked to consider any violation of the Natural Gas Act nor to enforce any obligation or duty created by it. The cause of action is not based on any liability arising under the Act, but instead on contract rights between the parties. The Federal Power Commission took no action on the filings. Pan American Petroleum Corp. v. Kansas-Nebraska Natural Gas Co., 297 F.2d 561 (8th Cir.). We examined the position of the contracting parties, and the Kansas Commission order in Cities Service Gas Co. v. F. P. C., 255 F.2d 860 (10th Cir.) cert. den. sub nom. Magnolia Petroleum Co. v. Cities Service Gas Co., 358 U.S. 837, 79 S.Ct. 61, 3 L.Ed.2d 73. See also Natural Gas Pipeline Co. of America v. Harrington, 246 F.2d 915 (5th Cir.) cert. den., 356 U.S. 957, 78 S. Ct. 992, 2 L.Ed.2d 1065, and United Gas

Pipe Line Co. v. Memphis Light, Gas and Water Div., 358 U.S. 103, 79 S.Ct. 194, 3 L.Ed.2d 153. No comparison can be drawn between this problem as it may arise under the Interstate Commerce Act and the Natural Gas Act. The trial court had jurisdiction to grant relief to Appellee on its cause of action.

Affirmed.