See also D.C., 271 F.Supp. 830.

**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**MERCANTILE STORES, INCORPORATED, a corporation, and Muskogee Jones Store Company, Incorporated, Defendants.**

**Civ. No. 6221.**

United States District Court
E. D. Oklahoma.

Oct. 27, 1967.

James E. White, U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

R. M. Mountcastle, Muskogee, Okl., Harry L. Browne and Jack L. Whitacre, Kansas City, Mo., for defendants.

## ORDER

DAUGHERTY, District Judge.

The Plaintiff has filed a Motion to Amend the Pretrial Order filed herein on August 31, 1967. The narrow issue presented by the Motion and briefs of the parties is concisely stated as follows: For the purpose of tolling the two-year limitations period under Title 29 U.S.C., Section 255, does the Amended Complaint filed February 1, 1967, naming Muskogee Jones Store Company, Inc. as an additional Defendant relate back to the date of filing of the original Complaint against Mercantile Stores, Inc. on December 12, 1966, under Rule 15(c), F.R.Civ. P., 28 U.S.C.A.? The result of the Court's final decision on this question will have the effect of adding or deleting

a portion of Plaintiff's claim because of the applicable federal statute of limitations period.

Rule 15(c) provides for the relation back of an amendment changing the party against whom a claim is asserted if the claim arose out of the transaction set forth in the original pleading and, if the party "(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

In the Order quashing the service on Defendant Mercantile, the Court found, inter alia, that Defendant Muskogee Jones was a wholly owned subsidiary of Defendant Mercantile albeit a separate corporate entity and that Sam Dawdy, agent of Muskogee Jones, was not the agent of Mercantile or authorized to receive service of process for it. The original summons issued in this action naming Mercantile as the only Defendant specifically provided for service on "Sam Dawdy, Mgr. Muskogee Jones Store (address)" and the Marshal's return reflects that " * * * Sam Dawdy Manager of the Jones Store * * * " was served with summons. In the brief of Mercantile in support of its Motion to Dismiss it acknowledged certain influence over Muskogee Jones by virtue of being the sole stockholder of Muskogee Jones.

The Court finds that the claim against the Defendant Muskogee Jones is the identical claim asserted in the original pleading (Complaint). The Court further finds that Muskogee Jones received notice of the claim of the Plaintiff herein against it at the inception of this case on December 12, 1966 and that it could suffer no prejudice and has claimed no prejudice in maintaining its defense herein. Such notice was received in or by a copy of the December 12, 1966 Complaint (original pleading) which was served on Sam Dawdy, the Manager of Muskogee Jones Store, Incorporated. This Complaint identified the place of business involved as being in Muskogee, Oklahoma, and specifically named four employees as being involved, all of whom were in the employ of Sam Dawdy as Manager of Muskogee Jones Store, Incorporated. In addition, Muskogee Jones, through its Manager, Sam Dawdy, knew or should have known from the contents of the Complaint served on its Manager which involved its employees and its place of business in an alleged Fair Labor Standards Act violation, that but for a mistake concerning the identity of the proper party, the action would have been brought against it. It is also noted that the same attorneys have represented both Defendants in all proceedings herein.

Rule 15(c) was amended February 28, 1966, effective July 1, 1966, to add *new* provisions regarding the "relating back" to the date of the original pleading by an amended pleading *changing the party*. The 1966 amendment applies to this case. The two decisions relied upon by the Defendant were both decided before the 1966 amendment and therefore are now inapplicable. The Plaintiff cites no case. Research discloses two pertinent decisions since the 1966 amendment. Meredith v. United Air Lines, 41 F.R.D. 34 (D.C.1966) approved "relating back" when a new party is added by an amended pleading (as is the case here) rather than a change of parties. Wynne v. United States for use of Mid-States Waterproofing Co., Inc., 382 F.2d 699 (10 Cir. 1967) approved "relating back" to a wholly-owned subsidiary when its parent owner was originally sued. And a case decided without the benefit of the 1966 amendment, Meltzer v. Hotel Corporation of America, 25 F.R.D. 62 (N.D. Ohio, 1959) bears a persuasive resemblance. Therein, the Court permitted the Plaintiff to amend his Complaint with "relating back" effect by changing the name of the Defendant from "Hotel Corporation of America," the parent, to "Hotel Corporation of Cleveland," the subsidiary which operated the hotel in question. Also see Gifford v. Wichita Falls & So. Ry., 224 F.2d 374 (5 Cir.

1955), cert. denied 350 U.S. 895, 76 S.Ct. 153, 100 L.Ed. 787 (1955).

Based on the said 1966 amendment, the above cases and the foregoing findings of the Court it is concluded that the Amended Complaint adding Muskogee Jones "relates back" as to Muskogee Jones to the date of the original Complaint.

Therefore, the Court hereby sustains the Plaintiff's Motion to Amend the Pretrial Order to reflect the date of December 12, 1964 on page 4 thereof.