**DAYCO CORPORATION, Plaintiff,**

v.

**The FIRESTONE TIRE & RUBBER CO.,**
**Defendant.**

**No. C 74–395.**

United States District Court,
N. D. Ohio.

Nov. 21, 1974.

Edgar H. Brenner, Arnold & Porter, Washington, D. C., Robert J. Rotatori, Gold, Rotatori, Messerman & Hanna, Cleveland, Ohio, for plaintiff.

Hammond E. Chaffetz, George D. Newton, Jr., Kirkland & Ellis, Chicago, Ill., Dennis M. Kelly, Cleveland, Ohio, Jones, Day, Reavis & Pogue, Cleveland, Ohio, Harold L. Henderson, Akron, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This lawsuit is filed under §§ 4 and 16 of the Clayton Act, alleging that Fire-

stone violated the antitrust laws by attempting to monopolize the replacement tire industry. In its complaint, plaintiff lists a number of actions by Firestone which allegedly demonstrate this attempt, culminating, insofar as Dayco is concerned, with the purchase of Dayco's tire division by Firestone in 1961.

Defendant has moved this Court to dismiss this complaint pursuant to Rule 12(b), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. This motion is grounded, essentially, in Firestone's claim that Dayco's action is barred by the applicable four year statute of limitations.

While a motion to dismiss under Rule 12(b) may be granted on the basis of the statute of limitations, Partis v. Miller Equipment Co., 324 F.Supp. 898, 902 (N.D.Ohio 1970), both parties have offered matters outside the pleadings for consideration, and the motion will therefore be treated as a motion for summary judgment. Since it is clear that the statute of limitations bars this action, the motion for summary judgment is granted.

Several issues are undisputed by the parties. First, Dayco makes no allegation that its claim against Firestone accrued later than 1961, when Firestone purchased Dayco's tire division. Second, Dayco does not dispute Firestone's allegation that, unless otherwise excepted, conduct occurring before August 19, 1969, is outside of the relevant statute of limitations, 15 U.S.C. § 15b. Third, Dayco makes no allegations, either in its complaint or in its memorandum in opposition to Firestone's motion to dismiss, that it used "due diligence" in attempting to discover its claim against Firestone.

All that is left in issue, then, is the single question, whether the conduct alleged by Dayco in its complaint, and as supplemented by the affidavits and exhibits of both parties, makes out a claim of "fraudulent concealment" sufficient to toll the running of the statute of limitations. On the basis of recent decisions of several Courts of Appeals, it is clear that it does not.

The most recent decision of this Circuit on the issue of fraudulent concealment in antitrust actions is the case of Akron Presform Mold Company v. McNeil Corporation, 496 F.2d 230 (6th Cir. 1974), cert. denied —— U.S. ——, 95 S. Ct. 310, 42 L.Ed.2d 270 (1974). Sustaining the grant of partial summary judgment by the District Court, this case noted that:

> "Finally, the District Court, after examining the pleadings, briefs, and exhibits, correctly determined that Presform had not alleged or demonstrated by affidavit or otherwise that it had exercised due diligence in attempting to discover the cause of action. At best, as the District Court stated, there was nothing more than ignorance on the part of Presform of its rights. This alone is insufficient to overcome the limitations defense." (at 234)

Thus, in order to survive defendant's motion here, Dayco must allege something more than "ignorance . . . of its rights" to account for its lengthy delay in bringing suit. Such allegations must include both allegations that defendant is guilty of actual acts of concealment, rather than mere nondisclosure, and also allegations that plaintiff has used "due diligence" in seeking to discover its rights.

For example, in Picoult v. Ralston Purina Co., 1969 Trade Cas. Par. 72,681 (S.D.N.Y.1969), the Court held that, "before I can rule that the statute of limitations has been tolled in this case, I am required to find some act of concealment by Purina of the alleged price discrimination. Mere ignorance on the part of the Picoults of evidence with which to establish a claim is not enough." (at 86,433)

In the instant case, similarly, plaintiff does not deny knowledge, actual or constructive, of at least most of the operative "facts" of the alleged attempt

to monopolize. The only newly-discovered "fact" which seems to have led to the belated filing of this lawsuit is the filing of the government's complaint against Firestone on similar allegations. As the Court held in Burnham Chemical Co. v. Borax Consolidated, 170 F.2d 569, 577 (9th Cir. 1948), a government accusation is not a "fact" which will establish fraudulent concealment by defendants. *See also* Moviecolor Limited v. Eastman Kodak Company, 288 F.2d 80, 87 (2nd Cir. 1961), *and* Hall v. E. I. Du Pont DeNemours & Co., 312 F.Supp. 358, 361 (E.D.N.Y.1970).

The requirement of due diligence has been stressed by numerous courts which have considered fraudulent concealment allegations. As the court explained in Forbes v. Greater Minneapolis Area Board of Realtors, 1973–2 Trade Cas. Par. 74,627 (D.Minn.1973), plaintiffs must prove not only that they were deprived of knowledge of defendant's wrongdoing, but also that defendants were responsible for that deprivation. Or, in the words of the Court in Saunders v. National Basketball Association, 348 F.Supp. 649 (N.D.Ill.1972):

■ "In order for conduct on the part of defendants to amount to fraudulent concealment, plaintiff must bear the burden of showing not only a failure to discover a cause of action prior to expiration of the Statute of Limitations, but also the 'exercise of due diligence and the fraudulent concealment, mistake, or misrepresentation which frustrated it'" (at 654). See also Laundry Equipment Sales Corp. v. Borg-Warner Corp., 334 F.2d 788, 792 (7th Cir. 1964).

■ These requirements have plainly not been met by Dayco's pleadings, as supplemented by affidavits and exhibits. It is necessary to review Dayco's complaint allegations in some detail to discover the extent of Dayco's failure.

Essentially, Dayco's allegations of fraudulent concealment are contained within paragraph nine of its complaint. At the outset, it is worthy of note that none of the allegations contained in this catalogue appear in paragraph twenty-three of the complaint, which details the alleged offense. In fact, all of the events appearing in paragraph twenty-three are, and were, matters of public record.

The first allegation, ¶9(a), is plainly insufficient as a matter of law. By alleging "failure to disclose" unspecified conduct, Dayco falls short of the requisite particularity of pleading, and also ignores the previously elucidated requirement of pleading acts of concealment by defendant, not mere non-disclosure.

The second allegation, ¶9(b), alleges that Firestone circulated confidential price lists to various customers. While Dayco both fails to allege lack of knowledge of such practices and fails to show any causal connection with the alleged monopolistic practices, this allegation also suffers from a conceptual defect. Dayco confuses the private nature of such alleged price lists with the requisite intent to fraudulently conceal some fact. Cf. Weinberger v. Retail Credit Company, 498 F.2d 552, 554 (4th Cir. 1974).

The third allegation, contained in ¶9(c), that defendant hired virtually all of plaintiff's former tire division employees, is almost farcically irrelevant. As the "Appendix B" to Firestone's reply memorandum makes clear, this result was not only known of and accepted by Dayco, but, in fact, actively desired by Dayco at the time of the sale.

The fourth allegation, ¶9(d), is perhaps Dayco's strangest. Plaintiff here asserts that Firestone should have anticipated its potential future antitrust liability, and reported such liability on its SEC filings—and, further, that failure to do so constitutes fraudulent concealment. While, at most, this would constitute mere non-disclosure, it is clear that there is and was no obligation for Firestone to make such reports. As Firestone points out, such a rule would toll the statute of limitations in all cases where the defendant had believed

in its own innocence. Further, as the Court pointed out in the context of tender offers in *Missouri Portland Cement Co. v. Cargill, Inc.,* 1974–1 Trade Cas. ¶75,113 (2nd Cir. 1973), at 96,963: "Courts should tread lightly in imposing a duty of self-flagellation on officers with respect to matters that are known as well, or almost as well, to the target company." In fact, there is a greater reason for imposing such a duty in tender offer cases, since there is a real interest in informing selling stockholders, which is not present in the instant case. Further, where there is no fiduciary duty between the parties, "Mere silence, where there is no duty to speak, does not toll the statute." *Gaetzi v. Carling Brewing Co.,* 205 F. Supp. 615, 622 (E.D.Mich.1962).

The fifth allegation, ¶9(e), merely makes general allegations of "statements" made by Firestone's officers which tended to conceal the "intent" to monopolize the industry. The only example of such a statement offered by Dayco in its memorandum in opposition is merely a statement by a Firestone officer that he did not believe that price cuts could be effectively concealed. Even if this were construed as an active denial of illegal conduct by Firestone, "a denial of an accusation of wrongdoing . . . was not a 'fraudulent concealment'." *Suckow Borax Mines Consol. v. Borax Consolidated,* 185 F.2d 196, 209 (9th Cir. 1950).

The sixth allegation, ¶9(f), alleges only that Firestone engaged in illegal sales commission plans and reciprocal trade practices, unknown to plaintiff. There is no claim that Firestone attempted to conceal these practices, which were not held illegal until well after the sale of Dayco's tire division to Firestone. In fact, as Firestone notes in its *reply memorandum, these practices were matters of public record,* as subjects of prolonged litigation and Congressional investigation. Such matters must be held to have been within the knowledge of Dayco. See *Gaetzi v. Carl-*ing *Brewing Co.,* 205 F.Supp. 615 (E. D.Mich.1962).

The final allegation of fraudulent concealment, ¶9(g), claims that defendant "failed to disclose its specific intent to monopolize the manufacture and sale of replacement tires." As Firestone correctly points out, such an approach would abolish the statute of limitations in all "intent" cases: "the fraudulent concealment doctrine relates to the concealment of *conduct,* not intent."

In sum, Dayco has failed to allege conduct which would constitute a valid claim of fraudulent concealment. As the *Akron Presform* decision makes clear, the mere "ignorance of its rights" by plaintiff is "insufficient to overcome the limitations defense." 496 F.2d at 234. Especially since "[a]ll presumptions are against [the party seeking to avoid the statute of limitations], since his claim to exemption is against the current of the law and is founded on exceptions," 496 F.2d at 233, Firestone's motion must be granted.

Dayco has raised one additional insubstantial argument against the dismissal of its claim. It insists that its demand for a perpetual injunction against various activities of Firestone preserves its claim, since such relief is not barred by the statute of limitations.

This argument is faulty for two reasons. First, even if Dayco's equitable claim were not itself insufficient, it could and should be dismissed along with the legal claim which underlines it. *See, e. g.,* Saunders v. National Basketball Association, 348 F.Supp. 649 (N.D.Ill.1972). The public policy which preserves the government's claim in this situation does not work in favor of a private litigant. Cf. *United States v. Firestone Tire and Rubber Co.,* 374 F. Supp. 431 (N.D.Ohio 1974).

Further, Dayco's equitable claim is based upon a claimed prevention by Firestone of Dayco's re-entry into the replacement tire market. Dayco's stand-

ing to assert such an argument, however, is subject to challenge, since, "A mere subjective intent [to enter the relevant industry], in the absence of any preparations whatsoever, will not justify the equitable relief of an injunction." N. W. Controls, Inc. v. Outboard Marine Corporation, 333 F.Supp. 493, 510 (D.Del.1971).

In the instant case, moreover, there is sworn testimony by the former executive vice-president of Dayco, Paul J. Mayle, attached as Firestone's Appendix D, which asserts the absence of any intention by Dayco to resume the production of tires. This equitable claim is clearly a last-ditch attempt to salvage some portion of Dayco's time-barred complaint, and must fail.

Therefore, defendant Firestone's motion to dismiss is treated as a motion for summary judgment against plaintiff Dayco, and as such, is hereby granted.

It is so ordered.