Loyola H. McGOFFIN, Individually and on behalf of each and all other persons similarly situated who are presently or who were during the last four years operators of DX Service Stations in the 18 State marketing area, Appellant,

v.

SUN OIL COMPANY, Appellee.

No. 75–1365.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 26, 1976.

Decided May 28, 1976.

Rehearing Denied June 24, 1976.

**1246**

James E. Frasier, Tulsa, Okl., for appellant.

John J. Runzer, Philadelphia, Pa. (Jon A. Baughman, Pepper, Hamilton & Scheetz, Philadelphia, Pa., and Robert M. Dubbs, St. Davids, Pa., with him on the brief), for appellee.

Before LEWIS, Chief Judge, and SETH and BARRETT, Circuit Judges.

SETH, Circuit Judge.

This is an antitrust action in which the plaintiff alleged causes of action under the Sherman Act, the Robinson-Patman Act, and the Oklahoma Price Discrimination Act. Only the state action was finally submitted to the jury which found for the defendant.

The appellant asserts error in the rulings of the trial court on motions for partial summary judgment as to several causes of action, and on the scope of discovery which was permitted.

When this action was commenced, appellant was the lessee of a DX service station in Muskogee, Oklahoma, situated on Highway 69. Another DX station, known as the Hilltop DX station, also located in Oklahoma on Highway 69, was approximately two miles north of appellant's station. Appellee Sun had contracted to provide gasoline to both appellant and to Hilltop. The contract between Sun and appellant was a "consignment" contract while the contract between Sun and Hilltop was a "jobber" contract. Appellee was, among other things, a distributor of gasoline in an eighteen-state area including Oklahoma. The complaint was directed to the relationship between the two stations as "customers" of Sun. It also was framed to assert a class action cause on behalf of all stations in a position comparable to the plaintiff's.

It was stipulated that from September 1967 through 1972, appellee provided gasoline to the Hilltop station at a price less than the price it charged to appellant. Appellant alleged that the price discrimination between the two stations violated section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a), and the price discrimination laws of the State of Oklahoma, Okl.Stat.Ann., Title 79, § 2; that the agreement between Sun Oil and Hilltop violated section 1 of the Sherman Act, 15 U.S.C. § 1; and that there were brokerage payments to Hilltop and discriminatory services and facilities or payments in lieu thereof furnished to Hilltop, in violation of sections 2(c), 2(d) and 2(e) of the Robinson-Patman Act, 15 U.S.C. §§ 13(c), (d), (e). The section 2(c), (d) and (e) violations or the disposition by the trial court of causes based thereon did not reach the trial stage and are not in issue on this appeal.

Sun Oil moved to dismiss the claims under the Robinson-Patman Act because there were no purchases by appellant "in commerce" as required by the statute. The motion was supported by affidavits submitted by Sun personnel stating that the gasoline in question was delivered to *both* stations directly from Sun's West Tulsa, Oklahoma, refinery. The motion was de-

nied by Judge Langley to permit appellant to have an opportunity for discovery.

Appellant thereafter served forty-seven interrogatories on appellee. Appellee refused to answer thirteen of them. Appellant was also dissatisfied with the deposition of several employees of appellee. He filed a motion to compel discovery. The motion later, and after a partial summary judgment, was denied by Judge Langley on grounds that the requested discovery did not relate to the specific incident of price discrimination between appellant and Hilltop and was therefore not relevant to the case.

Appellee answered the complaint and moved for partial summary judgment, referring only to claims under section 2(a) of the Robinson-Patman Act. The motion was again grounded on the showing that the price discrimination did not relate to purchases which were in interstate commerce. The aforementioned showing was by affidavits submitted in support of the motion. Appellant submitted no counter-affidavits, and relied on the pleadings. Judge Langley granted partial summary judgment as to the section 2(a) claims.

Some three months later, appellant moved to amend his complaint on the ground that he had discovered new and relevant facts. The proposed amended complaint deleted all references to the Hilltop station and instead alleged that appellant competed with "all persons selling gasoline." Judge Langley denied the motion on grounds that "in essence, the plaintiff seeks by way of amended complaint to re-open for further consideration matters which have heretofore been determined by entry of partial summary judgment."

Upon the death of Judge Langley, the case was assigned to Judge Daugherty, and a pretrial order was filed. The order recited that appellant had abandoned his class action claims.

In the meantime, appellant had served a second set of interrogatories on appellee. Appellee objected to sixteen of the seventeen questions. Appellant again deposed several of appellee's employees.

Appellee then moved for summary judgment on appellant's claims arising under sections 2(c), 2(d), and 2(e) of the Robinson-Patman Act and section 1 of the Sherman Act. On the basis of discovery, Judge Morris, who presided at trial, granted summary judgment on the remaining claims of the Robinson-Patman Act. As indicated above, appellant does not question that ruling.

A three-day jury trial was had on appellant's claims under the state price discrimination statute and on the Sherman Act. At the close of appellant's case, the trial court granted appellee's motion for a directed verdict on the Sherman Act claim. The case was submitted to the jury on the question of violation of the state antidiscrimination statute. The jury returned a verdict for appellee.

A fair reading of the complaint leads to the conclusion that the only competition by a particular station selling Sun gasoline was that of the Hilltop station. This is the only one specifically named. Allegations that other stations were in a situation similar to plaintiff were made in reference to the class action cause. The asserted competition was thus limited to these two stations, and price discrimination by defendant in its sales to the two of them was alleged. The Robinson-Patman section 2(a) cause of action was thus narrowly framed.

The limited scope of the complaint on the Robinson-Patman section 2(a) cause invited the motion to dismiss by defendant which was initially denied. The trial court however permitted further discovery by plaintiff, within the allegations of the complaint, and apparently to further develop the jurisdictional issue. This discovery was pursued by the plaintiff but apparently he could not improve his position, and the trial court granted summary judgment on the section 2(a) cause.

■ We find no objection to the use of summary judgment in these circumstances. *See Gulf Oil Corp. v. Copp Paving Co.,* 419 U.S. 186, 95 S.Ct. 392, 42 L.Ed.2d 378. The affidavits of defendant-appellee were not countered by the plaintiff as to the origin

of the gasoline and sales to the two stations, and he here seeks to rely on the pleadings. There then remained no fact issues as to the section 2(a) cause. The gasoline sold to the plaintiff and the Hilltop station was the product of defendant's Tulsa refinery; the complaint asserted that these were *the* two purchasers from defendant in competition with each other. Thus a secondary line injury case was so framed.

It would not seem necessary to further discuss the construction of the provisions of section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a), prevailing in this Circuit as to secondary line cases. It is described in *Food Basket, Inc. v. Albertson's, Inc.*, 383 F.2d 785 (10th Cir.), and more recently in *Belliston v. Texaco, Inc.*, 455 F.2d 175 (10th Cir.). We there applied literally the statutory requirement that ". . . either or any of the purchases involved in such discrimination are in commerce." This language was taken as a requirement that in such secondary line cases, one of the sales must be "in commerce," thus in a state other than that of the sale to plaintiff. The Supreme Court in *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 95 S.Ct. 392, 42 L.Ed.2d 378, expressly held that the language quoted above should be literally applied. The Court there also distinguished *Moore v. Mead's Fine Bread Co.*, 348 U.S 115, 75 S.Ct. 148, 99 L.Ed. 145. *See also Mayer Paving & Asphalt Co. v. General Dynamics Corp.*, 486 F.2d 763 (7th Cir.). The plaintiff was unable to allege that within the area of competition there were discriminatory sales to a station located in another state. The plaintiff thus failed to establish jurisdiction for his section 2(a) claim in these circumstances where the gasoline was procured from a refinery of defendant in Oklahoma. Thus like *Belliston* and *Copp.*

The appellant complains that he was placed in an untenable position by the restrictions on discovery and the denial of his motion to amend.

■ The restrictions on discovery were in accord with the cause of action alleged, and we find no error. The scope of the complaint has been considered. The appellant was given adequate opportunity to have discovery within the theory alleged, and was given a chance to meet by further discovery the jurisdictional issue raised by appellee in its motions. The appellant took advantage of the opportunity but was unable to cure the defect. It was apparent that he exercised diligence, but the facts were not there.

We have carefully considered the ruling on the motion to amend the complaint. Appellant sought to amend his complaint by deleting all mention of the Hilltop station and asserting that he "competed with all persons selling gasoline and other petroleum products," and that "Sun Oil sells gasoline to other customers the identity of whom is not yet known to McGoffin at prices substantially less than the prices charged to DX brand dealers." The trial court refused the amendment, stating "the plaintiff seeks by way of an amended complaint to reopen for further litigation matters which have heretofore been determined by entry of a partial summary judgment." It is also apparent that the appellant sought to substitute an entirely new theory.

■ It is apparent that leave to amend should be freely granted, *Polin v. Dunn & Bradstreet, Inc.*, 511 F.2d 875 (10th Cir.), but the plaintiff cannot completely restructure his case because of difficulty encountered in satisfying jurisdictional requirements. Here, in the early stages of discovery, appellant asserted that appellee made discriminatory sales to the Hilltop station. He noted in his deposition that the resulting competitive advantage of the named station was what "bothered" him. Prior to the dismissal of his section 2(a) claim, appellant never proposed that he was in competition with or injured by discriminatory sales made to other customers of appellee. The trial court was correct in refusing to permit the "amendment" sought.

The pretrial order structured the case in accordance with the matters hereinabove discussed. The order recited that the class action cause was abandoned.

The Sherman Act cause was dismissed at the conclusion of plaintiff's case. No facts had been advanced other than the price discrimination which had been stipulated to. The appellant was unable to come forward with any facts to warrant submitting the issue to the jury. Appellant in his brief concedes that there was insufficient evidence in the record as to the Sherman Act cause.

We have carefully examined appellant's points concerning the instructions, and find no error. The jury had before it only the state statutory cause of action, and on this found for the defendant-appellee. The state statute is quite similar to the Robinson-Patman Act. The plaintiff in his complaint asserts that they involve common questions of law and fact. It would not seem necessary to consider whether the jury verdict on the state cause also disposes of the Robinson-Patman problems raised on this appeal. These problems are considered above, and we reach the conclusion that there was no error.

AFFIRMED.