KING & KING ENTERPRISES d/b/a
King Gas & Oil and Carl R. King,
d/b/a King Gas & Oil, Plaintiffs,

v.

CHAMPLIN PETROLEUM
COMPANY, Defendant,

v.

Fred Dea ENTRIKEN, Third-Party
Defendant.

No. 75–276–C.

United States District Court,
E. D. Oklahoma.

Feb. 7, 1978.

als relevant to third-party defendant Entriken's period of employment with Champlin so as to enable the court to rule on plaintiffs' motion for leave to amend for the purpose of adding Dewey Mason and Mickey Bowles as parties defendant. Defendant has furnished the deposition of Entriken and plaintiffs have submitted their proposed amended complaint. In addition several briefs have been filed setting forth the parties' respective positions relative to the motion for leave to amend.

Plaintiffs seek leave to file their first amended complaint, adding Dewey Mason and Mickey Bowles as parties defendant, "on the grounds that Mr. Mason and Mr. Bowles were actively involved in rigging the retail price of refined petroleum products in certain markets of the States of Oklahoma, Texas and Arkansas, *while Dea Entriken was employed by Champlin.*" Plaintiffs' Motion for Leave to File an Amended Complaint at 1 (emphasis added).

Defendant opposes the motion on the grounds that plaintiffs' claims sought to be asserted against Mason and Bowles are barred by the statute of limitations and that, contrary to plaintiffs' contention, they do not relate back to the filing date of the original complaint.

Plaintiffs urge that the proposed amended complaint relates back and therefore is not barred by the statute of limitations, but if it does not relate back, the running of the limitations period has been tolled by virtue of fraudulent concealment on the part of Champlin, Mason and Bowles.

The original complaint in this case was filed on October 2, 1975. Plaintiffs filed their motion for leave to amend on August 18, 1977. Entriken was employed by Champlin until April 11, 1973.[1] Since plaintiffs' express purpose for leave to amend is

Douglas J. Parry, Raymond J. Etcheverry, Berman & Giauque, Salt Lake City, Utah, for plaintiffs.

Cecil E. Munn, Fort Worth, Tex., A. Camp Bonds, Sr., Muskogee, Okl., Charles B. Swanner, J. D. Henry, Charles A. Zubieta, Champlin Petroleum Co., Fort Worth, Tex., for defendant.

Floyd L. Walker, Tulsa, Okl., for third-party defendant.

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

MORRIS, Chief Judge.

In its order of December 13, 1977 the court directed the parties to submit materi-

1. Deposition of Entriken at 6, Feb. 26, 1976 (hereinafter Entriken Deposition); Statement of Entriken at 4, June 21, 1975 (hereinafter Entriken Statement). The Entriken Statement was produced by plaintiffs pursuant to the court's orders of June 17, 1977, July 8, 1977, and July 26, 1977, and made available to the defendant, except page 9, lines 4 through 25, page 10, and page 11, lines 1 through 8.

to add antitrust claims against Mason and Bowles for acts allegedly committed while Entriken was employed by Champlin,[2] it appears that such claims are untimely in that they are sought to be asserted more than four years after Entriken's employment with Champlin was terminated.[3] Plaintiffs do not argue in any of their memoranda filed in support of their motion that their claims against Mason and Bowles are based on any acts allegedly committed subsequent to Entriken's period of employment with Champlin. Instead plaintiffs argue that Mason and Bowles did in fact conspire to fix prices, that the proposed amendment relates back under Rule 15(c) Federal Rules of Civil Procedure, and that the statute of limitations was tolled pursuant to the fraudulent concealment rule. The closest plaintiffs come to suggesting that their antitrust claims against Mason and Bowles may be based on acts other than those allegedly committed during Entriken's period of employment are allegations of a continuing conspiracy,[4] and the statement that "to date there has been no evidence produced which would indicate that this conspiracy or the predatory practices facilitating its implementation have been terminated." [5]

▮ Leave to amend is to be freely granted. Rule 15(a) Federal Rules of Civil Procedure; *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *United States v. Hougham*, 364 U.S. 310, 316–17, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960); *McGoffin v. Sun Oil Co.*, 539 F.2d 1245, 1248 (10th Cir. 1976); *Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875, 877 (10th Cir. 1975); *Wyoming Construction Co. v. Western Casualty & Surety Co.*, 275 F.2d 97, 104 (10th Cir.) *cert. denied*, 362 U.S. 976, 80 S.Ct. 1061, 4 L.Ed.2d 1011 (1960); *Ziegler v. Akin*, 261 F.2d 88, 90 (10th Cir. 1958). The grant or denial of an opportunity to amend is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875, 877 (10th Cir. 1975); *Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103, 106 (10th Cir. 1967); *Wyoming Construction Co. v. Western Casualty & Surety Co.*, 275 F.2d 97, 104 (10th Cir.), *cert. denied*, 362 U.S. 976, 80 S.Ct. 1061, 4 L.Ed.2d 1011 (1960); *Ziegler v. Akin*, 261 F.2d 88, 90 (10th Cir. 1958). However, new parties cannot be added by way of amendment after the statute of limitations has run unless the requirements of Rule 15(c) Federal Rules of Civil Procedure have been met.

Rule 15(c) provides in pertinent part: (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

▮ It is proper for the court to consider the statute of limitations on a motion to amend. "To delay until there is a later motion to dismiss because the claim is time-barred would be a wasteful formality." *Middle Atlantic Utilities Co. v. S. M. W.*

---

2. *See* Plaintiffs' Motion for Leave to File an Amended Complaint (filed Aug. 18, 1977); Plaintiffs' Memorandum in Support of Motion to Amend Complaint (filed Aug. 18, 1977).

3. 15 U.S.C. § 15b (1970) bars antitrust actions unless commenced within four years after the cause of action accrued.

4. Complaint par. 14; Proposed Amended Complaint par. 16.

5. Plaintiffs' Memorandum in Response to Order on Plaintiffs' Motion for Leave to Amend at 9 (filed Jan. 6, 1978).

*Development Corp.*, 392 F.2d 380, 385 (2d Cir. 1968); *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 562 (S.D.N.Y.1976); *see* 3 J. Moore, *Federal Practice* par. 15.08[4], at 906 (2d ed. 1974).

■ Plaintiffs rely on *Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir.), *cert. denied*, 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666 (1974) for the proposition that it is error not to grant leave to amend to add parties defendant who were on constructive notice of the action and were active participants in it since its inception. 501 F.2d at 339–40. Plaintiffs of course claim such notice and participation with respect to Mason and Bowles. *Clark* is not applicable to the situation presented in the case at bar since it did not involve any statute of limitations and relation back issues.

Plaintiffs also rely on *Wirtz v. Mercantile Stores, Inc.*, 274 F.Supp. 1000 (E.D.Okl. 1967). Judge Daugherty held in *Wirtz* that an amendment naming an additional party defendant after the expiration of the limitations period related back under Rule 15(c). However, the court expressly found in *Wirtz* that the additional defendant, a wholly owned subsidiary of the original defendant, knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. 274 F.Supp. at 1001. The person served with process in *Wirtz* was the manager and agent of the additional defendant, but was not the agent of the original defendant or authorized to receive service of process for it. The complaint served on the additional defendant's manager contained allegations of Fair Labor Standards Act violations involving the additional defendant's employees and its place of business. The additional defendant was therefore put on notice of plaintiff's mistake.

Plaintiffs in the instant action do not claim that they mistakenly failed to name Mason and Bowles as defendants at the outset. It certainly cannot be said that Mason and Bowles had any reason to suspect that plaintiffs had made a mistake in suing Champlin and not them. To the contrary, it would have been entirely reasonable for them to assume that plaintiffs had made a strategic choice of defendant which does not qualify as a mistake under Rule 15(c). *Francis v. Pan American Trinidad Oil Co.*, 392 F.Supp. 1252, 1259 n. 13 (D.Del. 1975). *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1498, at 510 (1971). As the Tenth Circuit stated in *Archuleta v. Duffy's, Inc.*, 471 F.2d 33 (10th Cir. 1973):

Nor can we agree that the naming of the defendant as Denver Pop Company constituted a simple misnomer. The defendant was not misdescribed but was deliberately, although mistakenly, sued. An entity different from the one named and appearing during the administrative process was made a party. Although this court is committed to the general proposition that it will not allow technicalities to defeat the proper administration of justice, *e. g.*, *Travelers Indemnity Co. v. United States for Use of Construction Specialties Co.*, 10 Cir., 382 F.2d 103, and will allow misnomers to be amended and relate back as a matter of course, *Wynne v. United States for Use of Mid-States Waterproofing Co.*, 10 Cir., 382 F.2d 699, the court is equally committed to the necessity of distinguishing between misnomers and substitution of parties. *Graves v. General Insurance Corp.*, 10 Cir., 412 F.2d 583. The trial court has here allowed a substitution of parties by amendment. Such amendment can relate back to the date the complaint was filed only if the provisions of Rule 15(c) are met.

Plaintiff has not by amendment changed the factual content of his complaint and has thus met the compulsion of the first sentence of Rule 15(c). And the trial court correctly found that defendant has suffered no prejudice in fact, a partial requirement under the rule's second sentence.

However, this latter sentence further requires that the party added "knew or

*!*

should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." This has been said to be analogous to an estoppel test, Professors Wright and Miller summing it up as:

> Thus, when plaintiff merely misdescribes defendant and serves the party really intended to be named in the complaint, that party certainly has knowledge of the misnomer and the quoted portion of the rule has been satisfied. Similarly, when plaintiff names an incorrect party but serves the person attempted to be sued, the latter is considered to have notice of plaintiff's mistake and the amendment will qualify under Rule 15(c). In other contexts, the courts probably will apply something akin to a reasonable man test to determine whether the party "should have known" he was the one intended to be sued. 6 Wright & Miller, Federal Practice and Procedure, § 1498, at 515 (footnotes omitted).

471 F.2d at 35. In the case at bar, there has been no misnomer or other mistake regarding Mason and Bowles, and there does not exist such an identity of interest between Mason and Bowles on the one hand and Champlin on the other, on the basis of which it could be found that the notice and lack of prejudice requirements of Rule 15(c)(1) have been met. *See Staren v. American National Bank & Trust Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976); *Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103, 106 (10th Cir. 1967). It is obvious that Mason and Bowles would be prejudiced if the amendment is allowed so as to deprive them of their statute of limitations defense. *Simmons v. Fenton*, 480 F.2d 133, 136 (7th Cir. 1973).

The court concludes that the conditions of notice, Rule 15(c)(1), and of mistake, Rule 15(c)(2), have not been satisfied and plaintiffs' claims sought to be asserted against Mason and Bowles are therefore barred by the statute of limitations.

Plaintiffs contend, however, that the statute of limitations has been tolled on account of fraudulent concealment on the part of Champlin, Mason and Bowles. Specifically, plaintiffs allege in their proposed amended complaint the following acts of fraudulent concealment:

17. The defendants and their co-conspirators have fraudulently concealed the illegal contracts, combinations, conspiracies and attempts to monopolize alleged in paragraph 14 above and have secretively concealed that the meetings, contracts, combinations, conspiracies and attempts to monopolize alleged in paragraph 14 above were formulated and implemented. Defendants Mickey L. Bowles and Dewey W. Mason fraudulently concealed such illegal contracts, combinations and conspiracies and their participation therein at the times their depositions were taken herein. Similarly, defendant Champlin Petroleum Company. in its answers to Plaintiffs' First Set of Interrogatories, fraudulently concealed the participation of defendants Bowles and Mason in the illegal contracts, combinations and conspiracies alleged in paragraph 14 above.

Proposed Amended Complaint at 11. It is to be noted that paragraph 14 in the proposed amended complaint has nothing to do whatsoever with conspiracies. However, paragraph 16 does.

■ It is settled that the fraudulent concealment of a cause of action tolls a statute of limitations and that this federal fraudulent concealment rule is read into every federal statute of limitations. *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874); *Public Service Co. v. General Electric Co.*, 315 F.2d 306 (10th Cir.), *cert. denied*, 374 U.S. 809, 83 S.Ct. 1695, 10 L.Ed.2d 1033 (1963); *Atlantic City Electric Co. v. General Electric Co.*, 312 F.2d 236 (2d Cir. 1962), *cert. denied*, 373 U.S. 909, 83 S.Ct. 1298, 10 L.Ed.2d 411 (1963).

■ The party asserting the fraudulent concealment doctrine has the burden of showing (1) the use of fraudulent means by

the party who raises the ban of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence could not have known that he might have a cause of action. *Bruno v. United States*, 547 F.2d 71, 74 (8th Cir. 1976); *Laundry Equipment Sales Corp. v. Borg-Warner Corp.*, 334 F.2d 788, 792 (7th Cir. 1964); *Kansas City v. Federal Pacific Electric Co.*, 310 F.2d 271, 278 n.9 (8th Cir.), *cert. denied*, 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed.2d 171 (1962). It has been repeatedly held that the party alleging fraudulent concealment must plead the circumstances giving rise to it with particularity. *E. g., Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp.*, 546 F.2d 570, 574 (4th Cir. 1976); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975), *aff'g* 386 F.Supp. 546 (N.D.Ohio 1974); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 461 (2d Cir. 1974). As the Second Circuit stated in *Grinnell*,

> [o]nce it appears that the statute of limitations has run, the *plaintiff* must sustain the burden of showing not merely that he failed to discover his cause of action prior to the running of the statute of limitations, but also that he exercised due diligence and that some affirmative act of fraudulent concealment frustrated discovery notwithstanding such diligence.

495 F.2d at 461 (emphasis in original). Similarly, the Fourth Circuit said in *Charlotte Telecasters*:

> Telecasters also seeks application of the familiar rule that fraudulent concealment tolls a federal statute of limitations. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946). In *Weinberger v. Retail Credit Co.*, 498 F.2d 552, 555 (4th Cir. 1974), we emphasized, however, that merely intoning the word "fraudulently" is not sufficient to avoid the statute. We stated that the elements of this counterpoise are "(1) fraudulent concealment by the party raising the statute together with (2) the other party's failure to discover the facts which are the basis of his cause of action despite (3) the exercise of due diligence on his

part." Since this means of avoiding the statute was created by courts of equity, we adopted their requirement that the facts necessary to show these elements should be distinctly pleaded. *Cf. Moviecolor Ltd. v. Eastman Kodak Co.*, 288 F.2d 80, 88 (2d Cir. 1961). In *Stearns v. Page*, 48 U.S. (7 How.) 818, 829, 12 L.Ed. 928 (1849), the Court explained the reasons for these essential allegations as follows:

> "A complainant, [to avoid the statute of limitations,] must state in his bill distinctly the particular act of fraud, misrepresentation, or concealment,—must specify how, when and in what manner, it was perpetrated. The charges must be definite and reasonably certain, capable of proof, and clearly proved . . .. And especially must there be distinct averments as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see, whether, by the exercise of ordinary diligence, the discovery might not have been before made."

546 F.2d at 573–74. *See Hupp v. Gray*, 500 F.2d 993, 996–97 (7th Cir. 1974); *Baker v. F & F Investment*, 420 F.2d 1191, 1198–99 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970); *Morgan v. Koch*, 419 F.2d 993, 997 (7th Cir. 1969). Thus, summary judgment was held appropriate where the party claiming fraudulent concealment "had not alleged or demonstrated by affidavit or otherwise that it had exercised due diligence in attempting to discover the cause of action." *Akron Presform Mould Co. v. McNeil Corp.*, 496 F.2d 230, 234 (6th Cir. 1974). Bald allegations of conspiracy and concealment are not sufficient to make out a case of fraudulent concealment. *Baker v. F & F Investment*, 420 F.2d 1191, 1198 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970); *Moviecolor Ltd. v. Eastman Kodak Co.*, 288 F.2d 80, 87–88 (2d Cir.), *cert. denied*, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961).

An examination of the proposed amended complaint and plaintiffs' memorandum in response to order on motion for leave to amend reveals that, aside from mere conclusory allegations of conspiracy and fraudulent concealment, plaintiffs claim that the following facts give rise to the application of the concealment rule in this case: (1) The "tortured" explanations of Mason, Bowles and Champlin of the "talk-no talk" document; (2) the denial by Mason and Bowles in their deposition testimony that they engaged in any illegal price fixing activities; and (3) Mason's denial that he ever kept any notes and the failure to produce such notes. It is clear, therefore, that the only affirmative acts of fraudulent concealment advanced by plaintiffs relate to Mason's and Bowles' denials during their deposition testimony.

 A denial of an accusation of wrongdoing does not constitute fraudulent concealment. *Dayco Corp. v. Firestone Fire & Rubber Co.*, 386 F.Supp. 546, 549 (N.D. Ohio 1974), aff'd, 523 F.2d 389 (6th Cir. 1975). The statute of limitations is not tolled on account of a party's failure to discover, *Public Service Co. v. General Electric Co.*, 315 F.2d 306, 310 (10th Cir.), cert. denied, 374 U.S. 809, 83 S.Ct. 1695, 10 L.Ed.2d 1033 (1963), and, in the absence of a fiduciary duty between the parties, mere failure to disclose the existence of a cause of action does not constitute fraudulent concealment. *Kansas City v. Federal Pacific Electric Co.*, 310 F.2d 271, 278 (8th Cir.), cert. denied, 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed. 171 (1962); *Burnham Chemical Co. v. Borax Consolidated*, 170 F.2d 569, 577 (9th Cir. 1948), cert. denied, 366 U.S. 924, 69 S.Ct. 655, 93 L.Ed. 1086 (1949); *Dayco Corp. v. Firestone Tire & Rubber Co.*, 386 F.Supp. 546, 549 (N.D.Ohio 1974), aff'd, 523 F.2d 389 (6th Cir. 1975). *See Laundry Equipment Sales Corp. v. Borg-Warner Corp.*, 334 F.2d 788, 792 (7th Cir. 1964); *Moviecolor Ltd. v. Eastman Kodak Co.*, 288 F.2d 80, 87 (2d Cir.), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961).

Plaintiffs have attached as Exhibit B to their memorandum in response to order on motion for leave to amend, portions of Entriken's deposition which, according to plaintiffs, establish that Bowles and Mason were actively engaged in an illegal conspiracy to fix prices. Plaintiffs specifically point to the following pages of Entriken's deposition: 113, 114, 121–22, 134, 143–52, and 145. It is worthwhile to note that this part of Entriken's deposition was taken on February 26, 1976, which was 18 months before plaintiffs filed their motion for leave to amend and 14 months prior to the expiration of the statute of limitations. Moreover, plaintiffs' counsel took Entriken's statement before the commencement of the instant action, namely on June 21, 1975. In his statement Entriken implicates Mason and Bowles on several occasions with respect to possible antitrust violations. Entriken Statement at 13–17, 23–24, 41, 80, 98. Plaintiffs' counsel was therefore aware on June 21, 1975, some 26 months before the instant motion was filed and 22 months prior to the expiration of the statute of limitations that, according to Entriken, Mason and Bowles were engaged in activities in violation of the antitrust laws. Additionally, plaintiffs were aware or should have been aware of the inconsistencies in the testimony of Mason, Bowles and Entriken no later than February 26, 1976. As indicated previously, plaintiffs now claim that the denial by Mason and Bowles in their deposition testimony that they engaged in price fixing and their "tortured" explanations of the "talk-no talk" document shows fraudulent concealment on their part. The court notes that Mason gave his explanation of the "talk-no talk" document during his deposition testimony on February 23, 1976. *See* Mason Deposition, Feb. 23, 1976, at 40, 53, 56, 88, 92. The court further notes that Bowles testified during his deposition of February 25, 1976, regarding the "talk-no talk" document. *See, e. g.* Bowles Deposition, Feb. 25, 1976, at 29–30, 47–48. Bowles also specifically denied the price fixing allegations. *See* Bowles Deposition, Feb. 25, 1976, at 41.

 In light of these facts, the court has little difficulty concluding that by Feb-

ruary 26, 1976, plaintiffs knew or by the exercise of due diligence should have known that they might have a cause of action against Mason and Bowles. This was approximately 14 months prior to the expiration of the statute of limitations as to Mason and Bowles. Not only have plaintiffs failed to allege that they exercised due diligence in attempting to discover the cause of action, *Akron Presform Mould Co. v. McNeil Corp.*, 496 F.2d 230, 234 (6th Cir. 1974), but it affirmatively appears that they knew or by the exercise of due diligence should have known of a possible cause of action against Mason and Bowles approximately 14 months before the statute of limitations had run. Moreover, the acts which according to plaintiffs constitute fraudulent concealment on the part of Mason and Bowles, amount to at best a denial of an accusation of wrongdoing, *Dayco Corp. v. Firestone Tire & Rubber Co.*, 386 F.Supp. 546, 549 (N.D.Ohio 1974), aff'd, 523 F.2d 389 (6th Cir. 1975), or a mere failure to disclose the existence of a cause of action, neither of which constitutes fraudulent concealment. *See Laundry Equipment Sales Corp. v. Borg-Warner Corp.*, 334 F.2d 788, 792 (7th Cir. 1964); *Public Service Co. v. General Electric Co.*, 315 F.2d 306, 310 (10th Cir.), cert. denied, 374 U.S. 809, 83 S.Ct. 1695, 10 L.Ed.2d 1033 (1963); *Kansas City v. Federal Pacific Electric Co.*, 310 F.2d 271, 278 (8th Cir.), cert. denied, 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed.2d 171 (1962); *Moviecolor Ltd. v. Eastman Kodak Co.*, 288 F.2d 80, 87 (2d Cir.), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961); *Burnham Chemical v. Borax Consolidated*, 170 F.2d 569, 577 (9th Cir. 1948), cert. denied, 336 U.S. 924, 69 S.Ct. 655, 93 L.Ed.2d 1086 (1949); *Dayco Corp. v. Firestone Tire & Rubber Co.*, 386 F.Supp. 546, 549 (N.D.Ohio 1974), aff'd, 523 F.2d 389 (6th Cir. 1975).

Plaintiffs have failed to meet their burden of showing any of the three elements required to invoke the fraudulent concealment rule. *See Bruno v. United States*, 547 F.2d 71, 74 (8th Cir. 1976); *Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp.*, 546 F.2d 570, 574 (4th Cir. 1976); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389,

394 (6th Cir. 1975), aff'g 386 F.Supp. 546 (N.D.Ohio 1974); *Hupp v. Gray*, 500 F.2d 993, 996–97 (7th Cir. 1974); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 461 (2d Cir. 1974); *Baker v. F & F Investment*, 420 F.2d 1191, 1198–99 (7th Cir.), cert. denied, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970); *Morgan v. Koch*, 419 F.2d 993, 997 (7th Cir. 1969); *Laundry Equipment Sales Corp. v. Borg-Warner Corp.*, 334 F.2d 788, 792 (7th Cir. 1964); *Kansas City v. Federal Pacific Electric Co.*, 310 F.2d 271, 278 n.9 (8th Cir.), cert. denied, 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed.2d 171 (1962). Accordingly, plaintiffs cannot avoid the bar of the statute of limitations with respect to their claims against Mason and Bowles on the basis of the fraudulent concealment rule. It follows that plaintiffs' motion for leave to amend should be denied for the reasons heretofore discussed, to-wit: (1) the proposed amendment does not relate back to the date of the original complaint and is therefore barred by the statute of limitations, and (2) plaintiffs have failed to show that the statute of limitations was tolled by virtue of the fraudulent concealment rule.

In addition, there exists another basis for denying plaintiffs' motion for leave to amend, namely plaintiffs' failure to show that the long delay in asserting the matters now sought to be added by way of amendment was due to oversight, inadvertence, or excusable neglect. In connection with its consideration of the fraudulent concealment rule asserted by plaintiffs the court previously concluded that plaintiffs knew or should have known, maybe as early as June 21, 1975, but in any event, no later than February 26, 1976, of the matters upon which they now seek to base their claims against Mason and Bowles, and for the assertion of which claims they did not seek leave to amend until August 18, 1977.

"[I]n the absence of oversight or excusable neglect, courts have denied leave to amend when the moving party knew about the facts on which the proposed amendment was based, but omitted the necessary allegations from the original pleading." 6 C. Wright & A. Miller, *Federal Practice and*

*Procedure: Civil* § 1488, at 443 (1971). Thus, the United States Supreme Court has recognized that, among other things, "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . ." may be sufficient grounds for denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

In the case at bar, as in *Horn v. Allied Mutual Casualty Co.*, 272 F.2d 76, 80 (10th Cir. 1959), no showing has been made that any of the facts on the basis of which leave to amend is being sought are within the category of newly discovered evidence. Plaintiffs have not given any plausible reason why the claims were not raised earlier. *See Landon v. Northern Natural Gas Co.*, 338 F.2d 17, 20 (10th Cir. 1964), *cert. denied*, 381 U.S. 914, 85 S.Ct. 1529, 14 L.Ed.2d 435 (1965).

It is clear that lack of diligence is reason for refusing to permit amendment. So holding is *Wheeler v. West India S.S. Co.*, 205 F.2d 354 (2 Cir., 1953), a decision concurred in by the draftsmen of the Federal Rules. Where there has been such lack of diligence, the burden is on the party seeking to amend to show that the delay "was due to oversight, inadvertence, or excusable neglect." *Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co.*, 146 F.2d 165, 167 (8 Cir., 1945). Leave will be denied unless he shows some "valid reason for his neglect and delay." *Carroll v. Pittsburgh Steel Co.*, 103 F.Supp. 788, 790 (W.D.Pa.1952). *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967). Since plaintiffs have not shown any valid reason for their neglect and undue delay, leave to amend will be denied. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *McGoffin v. Sun Oil Co.*, 539 F.2d 1245, 1248 (10th Cir. 1976); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967); *Landon v. Northern Natural Gas Co.*, 338 F.2d 17, 20 (10th Cir. 1964), *cert. denied*, 381 U.S. 914, 85 S.Ct. 1529, 14 L.Ed.2d 435 (1965); *Horn v. Allied Mutual Casualty Co.*, 272 F.2d 76, 80 (10th Cir. 1959); 6 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 1487, 1488 (1971).

For all of the foregoing reasons plaintiffs' motion for leave to file an amended complaint for the purpose of adding Mason and Bowles as parties defendant is in all respects denied.